**EPSTEIN DRANGEL LLP**
Danielle S. Futterman, *pro hac vice*
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:  212-292-5390
Facsimile:   212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone:  310-356-4668
Facsimile:   310-388-1232

Attorneys for Plaintiff,
AirDoctor, LLC

Tianyu Ju [SBN 323817]
Iris.ju@glacier.law
Yu Hao Yao [SBN 344022]
mickey.yao@glacier.law
**GLACIER LAW LLP**
251 South Lake Ave Suite 910
Pasadena, CA 91101
Telephone: 312-448-7772
Facsimile: 312-801-4587
**Attorneys for Defendant
Lonni, Inc.**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC., <br><br> Plaintiff, <br><br> v. <br><br> LONNI, INC., et al., <br><br> Defendants. | CASE NO.: 2:23-cv-00353-AB-MAR <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date:      June 30, 2023 <br> Time:      10:00 a.m. <br> Crtm:      7B <br> Judge:     Hon. Andre Birotte Jr. |

By and through their attorneys of record, who are set forth below, Plaintiff AirDoctor LLC ("Plaintiff" or "AirDoctor") and Defendants Lonni, Inc. ("Defendant Lonni") (collectively, the "Parties"), have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

## A.    STATEMENT OF THE CASE

Plaintiff's Statement

Plaintiff is a purpose-driven consumer goods company and its mission is to create affordable and accessible products, relying on science and independent third-party testing. One of Plaintiff's most popular and trusted products is its professional-grade AirDoctor Air Purifiers. The gold-standard of mechanical air filters are so-called "HEPA" filters. As defined by the U.S. Dept. of Energy ("DOE"), high-efficiency particulate air ("HEPA") filters work by forcing air through a fine mesh. Through a combination of diffusion, interception, and impaction, HEPA filters trap harmful airborne particles. Plaintiff's AirDoctor UltraHEPA Filters capture dust, pollen, pet dander, smoke, mold spores, volatile organic compounds, and household odors with an efficiency exceeding the DOE standard to "remove at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3 microns." In order to ensure that the AirDoctor Air Purifiers function as designed and maintain a sealed system, Plaintiff recommends that its customers replace the filters in their AirDoctor Air Purifiers approximately once a year or every 6 months, depending on usage or other indoor conditions. Plaintiff sells genuine replacement AirDoctor UltraHEPA Filters on its the AirDoctor Website and third-party sites such as Amazon.com.

In an effort to capitalize and profit off the goodwill and success of Plaintiff's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark, AirDoctor Air Purifiers and AirDoctor UltraHEPA Filters (the capitalized terms are defined in the Complaint, *Docket Entry No. 1*), Defendants have flooded the marketplace, chiefly on Amazon.com, with

flimsy, cheaply-made replacement filters that Defendants claim are "replacements" or "compatible with" or "fit" AirDoctor Air Purifiers, as well as are HEPA-grade, in order to trick Plaintiff's customers into purchasing Defendants' filters.

Defendants market and sell a variety of purported air filters under the "LINNIW" brand on Amazon.com and operate under the Amazon.com storefront name "Joba 1". On Amazon.com, Defendants advertise that their filters are "HEPA" grade and are "compatible" with Plaintiff's AirDoctor Air Purifiers. In their advertising, labeling and packaging, Defendants convey the message to consumers that their filters meet the HEPA standard. Moreover, by claiming their filters are "compatible" with AirDoctor Air Purifiers, Defendants indicate that their filters perform just as Plaintiff's genuine replacement filters do within the AirDoctor Air Purifiers, and that they properly fit in the AirDoctor Air Purifiers to maintain a sealed system.

Plaintiff purchased Defendants' filters through Amazon.com and had them tested by an independent third-party laboratory. The testing confirmed that Defendants' advertising claims are false and Defendants' filters fall well short of the HEPA standard (not to mention AirDoctor's own performance and efficiency standards) when used within the AirDoctor Air Purifiers. Defendants' false advertising has harmed (and continues to harm) AirDoctor, its sales, its goodwill and its reputation. Moreover, Defendants have deceived AirDoctor's customers in purchasing filters that Defendants claim are equivalent to genuine AirDoctor UltraHEPA Filters, when they are not. Accordingly, on January 18, 2023, Plaintiff filed its Complaint which involves the following claims: (1) violation of Lanham Act false advertising (15. U.S.C. § 1125(a)); (2) violation of California Unfair Competition Law (Cal. Bus. & Prof. Code, § 17200, et seq.); and (3) violation of California False Advertising Law (Cal. Bus. & Prof. Code, § 17500, et seq.).

Defendant's Statement

Defendant Lonni and Plaintiff are competitors in the manufacture and sale of HEPA air filters. Plaintiff alleges that Defendant Lonni has used false and misleading advertisements for the filters to sell "knockoff filters" to customers on Amazon. Plaintiff

also alleges that by using terms such as "Replacement Filters Compatible with AIRDOCTOR 4-in-1 Home Air Purifier AIR DR. AD3000" and "AD3000", Defendant's advertising seeks to create false association with Plaintiff. Defendant filed a motion to dismiss on April 14, 2023. Defendant moved to dismiss all allegations in Air Doctor's Complaint.

Defendant Lonni filed a motion to dismiss on April 24, 2023. *See* Dkt. No. 25. Defendant moved to dismiss all allegations in the Complaint for failure to state a claim upon which relief can be granted.

**B.    SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**C.    LEGAL ISSUES**

Plaintiff's Statement

It is Plaintiff's position that it has sufficient evidence to establish that Defendants falsely advertised that their substandard filters are "compatible with" Plaintiff's AirDoctor Air Purifiers and that they are "HEPA" grade by virtue of the independent third-party lab testing Plaintiff had performed.  Accordingly, Plaintiff believes the primary issue will be Plaintiff's entitlement to damages and injunctive relief.

Defendant Lonni's Statement

1. Whether Plaintiff has adequately pled a claim for violation of Lanham Act under 15 U.S.C §1125(a)?

2. Whether Plaintiff has adequately pled a claim for violation of California Unfair Competition under Cal. Bus. & Prof. Code §17200, et seq?

3. Whether Plaintiff has adequately pled a claim for violation of California False Advertising under Cal. Bus. & Prof. Code §17500, et seq?

4. It is Defendant Lonni's position that even if Plaintiff's complaint survives the Motion to Dismiss based on 12(b)(6), Plaintiff cannot meet its burden to prove

its claims against Defendant Lonni since Defendant Lonni has not falsely advertised its air filters to be compatible with Plaintiff's airfilter, and Defendant Lonni, Inc. has not falsely advertised that its filers are "HEPA" grade.

**D.   PARTIES, EVIDENCE, ETC.**

Plaintiff's Statement

    *a. List of Parties*: Plaintiff AirDoctor LLC and Defendants Lonni, Inc., Shenzhenshidazhanpengtuhulianwangyouxiangongsi and Joba 1.

        a. Ideal Living Management, LLC is the parent company of Plaintiff AirDoctor, LLC

    *b. Plaintiff's Percipient Witnes*: Peter Spiegel c/o Ideal Living Management, LLC and Representative(s)of LMS Technologies, Inc.

    *c. Key Documents*: Screenshots of the AirDoctor Website, screenshots of the genuine replacement AirDoctor UltraHepa Filters on Amazon.com, screenshots of Defendants' Amazon.com merchant storefront and listings for the purported AirDoctor replacement filters, photographs of Defendants' filters, the independent laboratory testing report performed on Defendants' filters and other documents produced through discovery of which Plaintiff is currently unaware.

Defendant's Statement

1. At this time, Defendant Lonni. believes that it may call the following witness: Peter Siegel c/o Ideal Living Management, LLC and Representatives of LMS Technologies, Inc.

2. Plaintiff's 30(b)(6) witness(es)

3. Witnesses Identified in Parties Initial Disclosures

4. Parties' expert witness(es)

Defendant identifies the following documents and thing on which it may rely: (1) Defendant's air filters

(3) Other Documents identified through or during discovery

**E.   DAMAGES**

Plaintiff's Statement

At this time, prior to the Parties having exchanged discovery, Plaintiff is unaware of Defendants' volume of sales and profits resulting from the sale of Defendants' filters. Plaintiff is likewise unaware of whether Defendants sold their filters via online platforms and/or brick and mortar retailers other than Amazon.com. Plaintiff is thus presently unaware of the realistic range of its provable damages but respectfully reserves the right to supplement this response after receiving Defendants' discovery responses.

Defendant's Statement

Defendant contends that Plaintiff is not entitled to any damages.

**F.   INSURANCE**

Plaintiff's Statement

Plaintiff does not have insurance coverage relevant to this action.

Defendant's Statement

Defendant does not have insurance coverage for the claims asserted in this litigation.

**G.   MOTIONS**

Plaintiff's Statement

Plaintiff does not contemplate filing any motions at this time.

Defendant's Statement

Defendant has filed a motion to dismiss on April 14, 2023. *See* Dkt. No. 25. The instant motion is currently pending before this court.

**H.   DISPOSITIVE MOTIONS**

Plaintiff's Statement

In the event Defendant's Motion to Dismiss is denied, Plaintiff plans to file a motion for summary judgment after the completion of discovery.

Defendant Lonni's Statement

EPSTEIN DRANGEL LLP

LOS ANGELES

Defendant submits that the issues may be determined by the current pending motion to dismiss. If Plaintiff's complaint or amended complaint surives the motion to dismiss, Defendant Lonni intends to file a motion for summary judgement after the completion of discovery.

**I.    MANUAL FOR COMPLEX LITIGATION**

The parties submit that the procedures of the Manual for Complex Litigation should not be utilized.

**J.    STATUS OF DISCOVERY**

On April 14, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint, accordingly, the parties have not exchanged any discovery to date.

**K.    DISCOVERY PLAN**

    **1.    Initial Disclosures**

The Parties do not propose any changes to the form or timing for disclosures under Federal Rule of Civil Procedure 26(a).

    **2.    Discovery Subject, Timing, and Phasing**

The Parties expect to conduct discovery requiring the production of documents, electronic materials, and things, interrogatories, requests for admission, and depositions. The Parties do not believe that discovery needs to be phased.

Plaintiff's Statement

Plaintiff anticipates conducting discovery on the following subjects: (1) Defendants' knowledge of AirDoctor, the AirDoctor Air Purifiers and the AirDoctor Filters; (2) Defendants' purchase and sale of Defendants' filters; (3) Defendants' revenue and profit resulting from the sale of Defendants' filters; (4) the statements Defendants made about Defendants' filters; (5) instances of consumer confusion and/or deception; (6) the websites, e-commerce platforms and/or brick and mortar retailers where Defendants sold their filters; (7) the independent testing conducted on Defendants' filters by Plaintiff and potentially testing conducted at Defendants' direction.

Defendant Lonni's Statement

Defendant Lonni plans on conducting discovery with respect to (1) Plaintiff's Knowledge of Defendant Lonni. and its filers, (2) Plaintiff's revenue and profit of the sale of its air filters, (3) Plaintiff's independent laboratory testing of Defendant Lonni's air filters, (4) any instances of consumer confusion, (5) any instance of loss of sales and customers, (6) the stores and location where Plaintiff sells its air filter, (7) allegations regarding to Defendant Loni's alleged false advertisement of its filers.

**L.   DISCOVERY CUT-OFF**

The Parties propose the following discovery cut-off date: January 5, 2024

**M.   EXPERT DISCOVERY**

The Parties propose expert discovery to be completed by January 31, 2024.

**N.   SETTLEMENT       CONFERENCE     /     ALTERNATIVE     DISPUTE RESOLUTION ("ADR")**

The Parties engaged in settlement discussions that were unsuccessful.  The Parties agree that an early settlement conference with Magistrate Judge Margo A. Rocconi, who is the magistrate judge assigned to this case, is their preferred method of ADR.

**O.   TRIAL ESTIMATE**

The Parties have demanded a jury trial. The Parties estimate that the trial will last approximately three to four (3-4) court days.

**P.   TRIAL COUNSEL**

Trial counsel for Plaintiff will be Ashly Sands, Danielle Futterman and Peter Farnese.

Trial counsel for Defendant Lonni will be Tianyu Ju and Yu-Hao Yao

**Q.   INDEPENDENT EXPERT OF MASTER**

The Parties submit that this is not a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53.

**R.   SCHEDULE WORKSHEET**

The Schedule of Pretrial and Trial Dates Worksheet is attached hereto.

EPSTEIN
DRANGEL LLP

LOS ANGELES

**S.     OTHER ISSUES**

The parties submit that there are no other issues affecting the status or management of the case at this time.

DATED: June 16, 2023            **EPSTEIN DRANGEL LLP**

By:  s/ Peter J. Farnese
     Peter J. Farnese
     Danielle S. Futterman, *Pro Hac Vice*
Attorneys for Plaintiff,
AirDoctor, LLC

DATED: June 15, 2023

By:  /s/Yu-Hao Yao
     Yu Hao Yao
     Tianyu Ju
     **GLACIER LAW LLP**
     *Attorneys for Defendant*
     *Lonni, Inc.*

## **ATTESTATION**

Pursuant to L.R. 5-4.3.4, Peter J. Farnese hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:  s/ Peter J. Farnese
Peter J. Farnese