UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: 23-cv-00353-AB-MAR | Date: August 21, 2023 |
|---|---|

| Title: *Air Doctor, LLC v. Lonni, Inc. et al* |
|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER DENYING DEFENDANT'S MOTION
TO DISMISS (Dkt. No. 25)**

This matter comes before the Court upon Defendant Lonni, Inc's ("Lonni") Motion
to Dismiss, filed April 14, 2023. (Dkt. No. 25, Defendant's Motion.) Plaintiff
AirDoctor, LLC ("Air Doctor") filed its Opposition on May 5, 2023, (Dkt. No. 30),
and Lonni replied on May 12, 2023. (Dkt. No. 31.) Consistent with the Court's
July 17, 2023 Order, AirDoctor then filed Supplemental Briefing on July 27, 2023.
(*See* Dkt. Nos. 36, 40.) On August 2, 2023, the Court took Defendant's Motion
under Submission. (Dkt. No. 41.) For the reasons set forth below, Defendant's
Motion is **DENIED.**

**I.    Background**

AirDoctor makes and sells "AirDoctor 3000 mechanical air purifiers which are
designed with a 3-Stage Filtration System, including a UltraHEPA filter . . . which
are sold under [Plaintiff's] brand and trademark." (Compl. ¶ 1.) AirDoctor
represents that its Air Purifiers "have earned the trust of health-conscious
consumers, allergy suffers, and others with medical or respiratory conditions, to

provide powerful and effective air filtration for their homes and businesses."  (*Id.*
¶ 4.)   To that end, AirDoctor "has protected its valuable rights by . . . obtaining []
federal trademark registrations covering its AIRDOCTOR and ULTRAHEPA
trademark."  (*Id.* ¶ 7; Ex. A.)

AirDoctor claims that "[i]n an effort to profit off [its] brand . . . Defendants have
flooded the marketplace with cheap, flimsy filters that they advertise can 'replace';
are 'compatible with'; and/or 'fit' [its] AirDoctor Air Purifiers and/or meet the
HEPA standard – but they are neither 'compatible with', nor properly 'fit' in
Plaintiff's AirDoctor Air Purifiers; nor do they meet the HEPA standard."  (*Id.* ¶
9.)   "More troublesome", AirDoctor alleges, is that "by advertising that their
filters 'replace' [AirDoctor's filters] . . . Defendants falsely claim that [its filters]
provide the same filtration performance and efficiency as . . . AirDoctor['s]
UltraHEPA Filters."  (*Id.* ¶ 10.)   But, AirDoctor says, "Defendants' 'replacement'
'compatible with' and 'HEPA' claims, are demonstrably false."  (*Id.* ¶ 11.)

Air Doctor "seeks injunctive relief and damages to halt Defendants' false and
misleading advertising" and brings claims under (1) the Lanham Act, 15 U.S.C. §
1125(a); (2) the California Unfair Competition Law, Cal. Bus. & Prof. Code §
17200, *et seq.* ("UCL"); and (3) the California False Advertising Law, Cal. Bus. &
Prof. Code § 17500, *et seq*. ("FAL").  (*Id.* ¶ 1; *see generally id.*)   As noted *supra*,
Lonni filed its Motion to Dismiss on April 14, 2023 (Dkt. No. 25.)   AirDoctor
filed its Opposition on May 5, 2023 and Lonni filed its Reply on May 12, 2023.
(Dkt. No. 30, 31.)   AirDoctor filled a Supplemental Brief on July 27, 2023.  (Dkt.
No. 40.)

## II.    Legal Standard

Fed. R. Civ. Proc. ("Rule") 8 requires a "short and plain statement of the claim
showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The
statement must provide enough detail to "give the defendant fair notice of what the
. . . claim is and the grounds upon which it rests."   *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555 (2007).   The Complaint must also be "plausible on its face,"
allowing the Court to "draw the reasonable inference that the defendant is liable for
the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).    "The
plausibility standard is not akin to a 'probability requirement,' but it asks for more
than a sheer possibility that a defendant has acted unlawfully." Id.   Labels,
conclusions, and "a formulaic recitation of the elements of a cause of action will
not do."   *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (2009) (internal quotation marks omitted).   The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint.   *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).   However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); Branch, 14 F.3d at 454.   The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F. 2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

Rule 9(b) dictates that allegations of "fraud or mistake must state with particularity the circumstances constituting the fraud."   Fed. R. Civ. P. 9(b).   "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the fraudulent activity."   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity.")

"Rule 9(b)'s ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."   *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).   But "the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge.   In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts."   *Neubronner*, 6 F.3d at 672.

## III.    Discussion

### A. AirDoctor's Lanham Act Claim and False Advertising Law ("FAL") Claims Allege Fraud with Sufficient Particularity

Lonni argues that "Plaintiff's Lanham Act and Section 17500 Claim [FAL] both fail because they are based on fraud, but Plaintiff fails to aver fraud with particularity as required by Rule 9(b)."   (Mot. at 7:19-8:1.)   Lonni explains that "Plaintiff failed to allege with any particularity which Defendants made … allegedly false statements, to whom such statements were made, when exactly such statements were made, where such statements were made, how such statements were made, how such statements are false or how such statements are communicated." (*Id.* at 8:12-16.)   Defendants conclude that "Paragraphs 43 and 51 of [Plaintiff's] Complaint are the [only] paragraphs that purport to aver fraud. . .", (*id.* at 8:2-3.)   Paragraph 43 alleges:

> Defendants have used these false and misleading advertisements for their filters to sell hundreds of thousands of dollars' worth of knockoff filters on Amazon.com, alone.   Defendants' conduct has directly diverted sales of Plaintiff's genuine AirDoctor UltraHEPA Filters from Plaintiff to Defendants and has harmed and (continues to harm) Plaintiff's goodwill and reputation.

And Paragraph 51 states that:

> Further, by using the terms "Air Doctor" and "AD30000" and "Replacement Filters Compatible with AIRDOCTOR 4-in-1 Home Air Purifier Air Dr. AD3000", Defendants' advertising seeks to create a false association with AirDoctor and coveys the express claims to consumers that its filters provide the equivalent performance to AirDoctor UltraHEPA Filters when used in the AirDoctor Air Purifiers.

(Compl. ¶¶ 43, 51.)   Lonni concludes that "Plaintiff wholly failed to meet the 'who, what, when, where, and how' in support [of] its two claims based on allegedly fraudulent conduct."   (*Id.* at 8:16-17 (quoting *Vess*, 317 F.3d at 1106.)

As an initial matter, Lonni's Motion reduces AirDoctor's fraud claims to two paragraphs—43 and 51—but both paragraphs are supported and contextualized by the entirety of Plaintiff's Complaint.   Paragraph 10, for instance, (and as noted *supra*) alleges that "by advertising that [Defendants'] filters 'replace' genuine AirDoctor UltraHEPA Filters, are 'compatible with' AirDoctor Air Purifiers,

and/or are 'HEPA' grade filters, Defendants *falsely claim that they provide the same filtration performance and efficiency as Plaintiff's* AirDoctor UltraHep Filters." (Compl. ¶ 10) (emphasis added). Plaintiff explains that "[t]hird-party laboratory testing of Defendants' filters within the AirDoctor Air Purifiers confirms that [Defendants' filters] . . . do not meet the minimum HEPA filtration standards, do not properly fit and seal within the AirDoctor Air Purifiers, and can cause inefficient air flow that may damage consumers' AirDoctor Air Purifiers." (*Id.* ¶ 11.) These are clear, specific allegations regarding the "what" and "how." And while Plaintiff has not alleged precisely which Defendant made the allegedly false statements or when precisely such statements were made, Rule 9(b)'s heightened walls are lowered "where the circumstances of the alleged fraud are peculiarly within the defendant's knowledge or are readily obtainable by [Defendants]." *Epicor Software Corp. v. Alternative Technology Solutions, Inc.*, No. SACV 13-00448-CJC(RNBx), 2013 WL 2382262, at *3 (C.D. Cal. May 9, 2013) (citing *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). And that is the case here. Plaintiff rightly points out that "because Defendant's false statements were made on Defendant's Amazon.com storefront, Plaintiff, at this time, has no way of knowing the particularities of exactly which employee(s) drafted such statements." (Opp'n at 8:19-22.) In *Heartland Payment Sys. v. Mercury Payment Sys., LLC*, the district court declined to dismiss Plaintiff's complaint for "failure to identify who made statements and when." No. C 14-0437 CW, 2014 WL 5812294, at *5 (N.D. Cal. Nov. 7, 2014). The court reasoned that the plaintiff could not know the particularities of exactly "which Mercury employee drafted the alleged advertisements." *Id.* Here, too, Plaintiff cannot, at this pre-discovery stage, identify exactly when Defendants' advertisements were first drafted, nor can it intuit the individuals responsible. Accordingly, Plaintiff has adequately alleged fraud with sufficient particularity.

## B. AirDoctor Adequately Alleges the Elements of its Lanham Act Claim

Defendants argue further that "[e]ven if Rule 9(b) did not apply to the Lanham Act Claim, Plaintiff still fail[s] to plead the elements of the claim." (Opp'n at 9:9-10.) To state a claim for false advertising under the Lanham Act, a plaintiff must allege:

> (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has

been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Newcal Industries., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).   Lonni argues that "Plaintiff fails to allege several of the required elements under the Lanham Act: (i) that the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (ii) that the deception is material; and (iii) that the plaintiff has been or is likely to be injured as a result of the false statement."   (Mot. at 9:18-10:2.)   But as AirDoctor points out, it has "alleged that Defendant's statements [including that, *inter alia*, "its filters provide the equivalent performance to AirDoctor UltraHEPA Filters when used in the AirDoctor Air Purifiers"] were literally false . . .", as demonstrated by third-party laboratory tests. (Opp'n at 9:26-27; Compl. ¶¶ 51-52.)   The alleged false advertising implicates the core function of the competing products at issue in this case—it is plainly material. Plaintiff claims that "Defendants are tricking AirDoctor's customers into purchasing Defendants' [competing] filters with false promises that they provide the same level as filtration as genuine AirDoctor UltraHEPA Filters[,]" and that Defendants' filters "are significantly inferior to genuine AirDoctor UltraHEPA Filters."   (*Id.* ¶¶ 11, 13.)   As noted *supra,* Plaintiff represents that independent third-party laboratory testing "confirmed that Defendants' advertising claims are false" and that "Defendants' conduct has directly diverted sales of Plaintiff's genuine . . . filters from Plaintiff to Defendants and has harmed Plaintiff's goodwill and reputation."   (*Id.* ¶¶ 41, 43.)   And Plaintiff avers that "Defendants' advertising seeks to create a false association with AirDoctor and conveys the express claims to consumers that its filters provide the equivalent performance. . ." (*Id.* ¶ 51; *see also* ¶ 50, Ex. H.)   Plaintiff has adequately alleged that Defendant's purported material deception is likely to deceive a substantial portion of its intended audience and that this deception will likely injure AirDoctor.   Dismissal of Plaintiff's Lanham Act claim is not warranted.

### C. The Storefront

In Lonni's Reply to AirDoctor's Opposition, it argues for the first time that "the Amazon page that Plaintiff attaches to [its Complaint] clearly shows that it was another online seller not Lonni who sells this filter."   (Reply at 5:12-13.) AirDoctor points out in its Supplemental Briefing that "Defendant was fully aware that Plaintiff's Complaint alleged that false statements were made on, *inter alia*, the [Amazon] Storefront ["Storefront"], but [it] neglected to raise the argument . . . in the [Motion to Dismiss.]"   (Supp. Br. at 2:8-11.)   AirDoctor argues that "for

this reason alone . . . the Court need not consider the argument." (*Id.* at 2:15-17.) AirDoctor is certainly correct that ordinarily, district courts need not—and indeed, should not—consider arguments raised for the first time in a reply brief. *See e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *United States ex rel Giles v. Sardie*, 191 F.Supp 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.")

However, given the Court's desire to avoid litigation premised on a threshold misunderstanding, it instructed Plaintiff to file Supplemental Briefing addressing Defendant's freshly raised argument—and this mitigated any prejudice that might have otherwise flowed from its late introduction. The Court thus considers Lonni's claim that it is not connected to the Amazon.com storefront referenced in the Complaint. But, at this stage, little consideration is needed. AirDoctor represents that, *inter alia*:

> Based on the Substandard Filters being sold under the LINNIW Mark, which is owned by Lonni, upon information and belief, Lonni is the owner of the LINNIW brand . . ., and thus Lonni (1) owns and/or operates the Storefront identified in Plaintiff's Complaint; and/or (2) created and/or otherwise approved of the use of its LINNIW Mark in connection with images indicating that the LINNIW branded Substandard Filters are 'compatible with' Plaintiff's AirDoctor products . . .; and/or (3) as further detailed below, made false representations on the packaging of the LINNIW branded Substandard Filters.

(*Id.* at 3:26-4:9.) In short, AirDoctor alleges that Lonni owns and/or operates the Storefront and Lonni denies that this is true. The result is a factual dispute wholly inappropriate for adjudication on a motion to dismiss.

### D. Plaintiff's Unfair Competition ("UCL") Claim is Adequately Alleged

"The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent." Cal. Bus. & Prof. Code § 17200. "Each 'prong' of the UCL provides a separate and distinct theory of liability." *Hadley v. Kellog Sales Company*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. Mar. 21, 2017) (quoting *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). AirDoctor alleges a violation of all three prongs: "Defendants have engaged in unfair, deceptive, untrue and misleading advertising and unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200." (Compl. ¶ 69.) "Generally, a violation of the FAL . . . is also a violation

of the fraudulent prong of the UCL." *Hadley*, 243 F.3d at 1089 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 n.8, 93 Cal. Rptr.3d 559, 207 P.3d 20 (2009)); *see also In re Sony Gaming Networks & Consumer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) ("Courts often analyze these statutes together because they share similar attributes."). Because AirDoctor has properly alleged a violation of the FAL, it has likewise adequately alleged its UCL claim under the fraudulent prong.

The "'unfair' prong of the UCL 'prohibit[s] not only advertising which is false, but also advertising which[,] although is true, is either actually misleading or which has a capacity, likelihood, or tendency to deceive or confuse the public." *Brady v. Bayer Corp.*, 26 Cal. App. Th 1156, 1173 (2018) (cleaned up). And "Section 17200's unlawful prong 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (cleaned up). "Alleged violations of the Lanham Act and the FAL can serve as a predicate basis for a claim of *unlawful and unfair* practices under the UCL. *Lona's Lil Eats, LLC v. DoorDash, Inc.*, No. 20-cv-06703-TSH, 2021 WL 151978, at *13 (N.D. Cal. Jan. 18, 2021) (emphasis added). Here, too, because AirDoctor has alleged false advertising under the FAL and a predicate Lanham Act violation, the unlawful and unfair prongs of its UCL claim are adequately pled.[1] Accordingly, dismissal of AirDoctor's UCL claim is not warranted.

## IV.   Conclusion

Accordingly, Defendant's Motion is **DENIED.** Defendant shall file an Answer within fourteen (14) days of this Order.

   **IT IS SO ORDERED**.

---

1 In its Reply, Lonni argues that "common law claims such as common law false advertising cannot serve as a predicate act under the unlawful prong of the Unfair Competition Claim." (Reply at 7:12-14.) In support of this proposition, it cites to *Hartless v. Colorox Co*., No. 06-cv-2705-JAH (CAB), 2007 WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007). Indeed, the district court in *Hartless* recognized that "common law negligence provides an insufficient basis under the unlawful prong of the UCL." *Id.* It stands to reason, then, that common law false advertising claims would fare no better. But Plaintiff's predicate claim is not a "common law false advertising" claim and, so far as the court is aware, such a claim does not exist. Rather, Plaintiff alleges a statutory false advertising claim. *See* Ca. Bus. And Prof'l Code. § 17500.