**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232

Danielle Futterman (*pro hac vice*)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391
*Attorneys for Plaintiff*

Attorneys for Plaintiff,
AirDoctor, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC<br>*Plaintiff*<br><br>v.<br><br>LONNI, INC.;<br>SHENZHENSHIDAZHANPENGTUHULIA<br>NWANGYOUXIANGONGSI and JOBA 1<br>*Defendant* | CASE NO. 2:22-cv-00353-GW-AS<br><br>**STATUS REPORT FOR ALL RELATED CASES** |

CASE NO. 2:22-cv-00353-GW-ASx

STATUS REPORT

EPSTEIN
DRANGEL LLP

Plaintiff AirDoctor, LLC ("Plaintiff") hereby provides the following status report with respect to the following related matters:

| CASE NAME/NUMBER | STATUS |
|---|---|
| **2:23-cv-00352-GW-AS** <br> *Air Doctor, LLC v. Homeburg Limited et al.* | **PLAINTIFF'S STATUS UPDATE:** On December 7, 2023, Hon. Judge Alka Sagar granted Defendant, Homeburg Inc.'s ("Homeburg" or "Defendant") motion to compel the production of a settlement agreement (*Dkt. 43*) which was already produced to Defendant – a redacted version on November 14, 2023 and an unredacted version on December 4, 2023. At the same conference Judge Sagar also granted Defendant's motion to compel the deposition of the most knowledgeable person, because Defendant's counsel alleges that the 30(b)(6) deponent proffered by Plaintiff was unable to answer certain question regarding the other related cases before this Court ("Defendant's *Ex Parte* Motion") (*Dkt. 48*). Despite the fact that the related cases are irrelevant to this action, Plaintiff has already agreed to produce alternate deponents, provided this Court orders an extension to the discovery period which is set to expire on December 8, 2023. Defendants' motion, filed on requests an extension for the sole purpose of continuing the 30(b)(6) deposition of Plaintiff in January 2024. (*Dkt. 48*). Plaintiff filed its *Ex Parte* Motion to Extend the Discovery Deadline and all Subsequent Case Management Deadlines ("Plaintiff's *Ex Parte* Motion") on December 6, 2023 requesting a three (3) month extension to pursue Defendant's relevant deficient discovery critical to Plaintiff's claims in this action, which has been improperly held back by Defendant and/or its counsel and was only discovered during Plaintiff's 30(b)(6) deposition of Defendant on November 30, 2023. To the extent the discovery period is extended, Plaintiff also requests the extension of the remaining case management deadlines. (*Dkt. 51*). Defendant's counsel refused to meet-and-confer pursuant to the local rules regarding the competing motions. On December 7, 2023, despite arguing in its response to Plaintiff's *Ex Parte* Motion that Plaintiff's request was unnecessary and the multiple egregious discovery deficiencies could have been addressed pursuant to L.R. 37 in July (*Dkt. 57*) (which is impossible since Plaintiff only learned of the existence of the eleven (11) categories of missing documents during the 30(b)(6) deposition of Defendant on November 30, 2023), Defendant produced five hundred (500) |

| CASE NAME/NUMBER | STATUS |
|---|---|
| | files that was only responsive to one (1) of the eleven (11) categories of documents that were discovered to exist during the 30(b)(6) deposition of Defendant. Obviously, Plaintiff should be entitled to receive the remaining deficient discovery and question Defendant the five hundred (500) newly produced files and the remaining deficient discovery to be produced.<br>**DEFENDANT'S STATUS UPDATE:**<br>1.   Defendant is not at fault for a limited discovery extension. The need is strictly due to Plaintiff's failure to properly prepare its PMK deponent, and Plaintiff counsel's refusal to make witness available, on the deposition date of 12/1/2023.<br>2.   On 12/4/2023, Plaintiff indicated that it could make other witness(es) available in January, 2024, but only in a packaged deal of a 3-month discovery extension (which overrides the current trial date of 2/27/2024).<br>3.   The 3-month extension is not warranted, as stated in Opposition (ECF #57) filed in response to Plaintiff's Ex Parte (ECF #51).<br>4.   Judge Sagar granted Defendant's Ex Parte Motion (ECF #48) to Compel PMK Testimony, not just because the witness was "unable to answer certain question regarding the other related cases", the witness was utterly unprepared to testify to damages issues; also, Plaintiff's counsel refused to allow the witness to testify to any questions on damages during deposition.<br>5.   The other cases are also relevant because of the same "directly diverted" sales and "but for" lost profit allegations in these complaints.<br>6.   As noted in Defendant's Opposition (ECF #57), Plaintiff is at fault for the need to extend discovery (Plaintiff's admission to have discovered the deficiencies during the 30(b)(6) deposition, one week before discovery cut-off, shows its fault of not timely following the LR 37 process); such extension is also not proportionally warranted, per Rule 26(b)(1).<br>7.   Other than the limited extension to finish the Plaintiff's PMK deposition (Plaintiff gave no available date until January, 2024), extending discovery is to encourage practice blunders and rule violations.<br>8.   Defendant intends to stay with current 2/27/2024 trial date, but will defer to the Court's authority re efficient docket management in the context of these related cases. |
| **2:23-cv-00353-GW-AS** | On April 21, 2023, Judge Birotte denied Defendant Lonni Inc.'s "Defendant" or "Lonni") |

EPSTEIN DRANGEL LLP

- 2 -
STATUS REPORT

CASE NO.   2:23-cv-00353-GW-ASx

| CASE NAME/NUMBER | STATUS |
|---|---|
| *AirDoctor, LLC v. Lonni, Inc. et al.* | motion to dismiss, in its entirety. (*Dkt. 45*). Plaintiff filed a notice of dismissal without prejudice as to Defendant Shenzhenshidazhanpengtuhulianwangyouxiangongsi and Defendant Joba 1 on December 7, 2023. (*Dkt 57*). Plaintiff and Defendant Lonni, Inc. filed a joint stipulation to extend the discovery deadline, as well as all other deadlines, for a six-month period for good cause on December 7, 2023. (*Dkt. 58*). |
| **2:23-cv-00354-GW-AS** *Air Doctor, LLC v. Shenzhen Puhua Technology Co., Ltd. and Phfilter* | Prior to the transfer of this case to this Court, the Hon. Judge Wesley L. Hsu granted Plaintiff's motion for alternative service on Defendant on June 23, 2023. (*Dkt. 24*). Defendants were served on July 10, 2023. (*Dkt. 25*). Based on the outcome of *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.* Case No. 2:22-cv-5784-GW (ASx) (C.D. Cal. Dec. 5, 2023) (*Dkt. 57*), Plaintiff intends to file an amended complaint which includes a specific amount of damages and serve the amended complaint pursuant to the alternative methods of service ordered by Judge Hsu. |
| **2:23-cv-00379-GW-AS** *AirDoctor, LLC v. Xin Rui Cross-Border E-Commerce Service Shenzhen Co., Ltd. et al.* | Based on the outcome of *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.* Case No. 2:22-cv-5784-GW (ASx)(C.D. Cal. Dec. 5, 2023) (*Dkt. 57*), Plaintiff intends to file an amended complaint which includes a specific amount of damages and subsequently file a motion for alternative service in this action similar to the motions for alternative service similar to those Plaintiff recently filed, and the Court granted, in *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.*, Case No. 2:22-cv-05784-GW-AS (C.D. Cal. Apr. 18, 2023) (*Dkt. 27*) and *AirDoctor, LLC v. Shenzhen Puhua Technology Co., Ltd.*, Case No. 2:23-cv-00354-WLH (AFMx) (C.D. Cal. June 23, 2023) (*Dkt. 24*) and *AirDoctor, LLC v. XiaMenManHeiKeJiYouXianGongSi et al.*, Case No. 2:23-cv-02091-GW (ASx) (C.D. Cal. Nov. 20, 2023) (*Dkt. 22*). |
| **2:23-cv-2091-GW-AS** *AirDoctor, LLC v. XiaMenManHeiKeJiYouXianGongSi et al.* | On November 16, 2023 Plaintiff filed a motion for alternative service on Defendants. (*Dkt. 20*). This Court granted Plaintiff's motion for alternative service on November 20, 2023. (*Dkt. 22*). Based on the outcome of *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.* Case No. 2:22-cv-5784-GW (ASx) (C.D. Cal. Dec. 5, 2023) (*Dkt. 57*), Plaintiff intends to file an amended complaint which includes a specific amount of damages and serve the amended complaint pursuant to the alternative methods of service ordered by the Court. |

| CASE NAME/NUMBER | STATUS |
|---|---|
| **2:22-cv-5784-GW-AS** *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.* | On December 5, 2023, Plaintiff filed its Memorandum of Law in Support of its Motion for Final Judgment (*Dkt. 57*) in response to the Court's November 20, 2023 Order requesting that Plaintiff submit a filing, by no later than December 5, 2023, advising the Court as to its intentions for future litigation in this matter (*Dkt. 56*), wherein Plaintiff respectfully requested that the Court: (1) enter the permanent injunction against Defendant, which was amended per this Court's instructions and filed with the Court on October 13, 2023 (*Dkt. 49*) and (2) enter a final opinion and order with respect to its determination on damages under Fed. R. Civ. P. 54(c). As discussed during the hearing on Plaintiff's Motion for Entry of Default Judgment Against Defendant on November 20, 2023, Plaintiff intends to appeal the issue of whether Plaintiff is entitled to an award of Defendant's revenues under Rule 54(c) despite the fact that it did not include a specific dollar figure in the complaint. |

Respectfully submitted,

DATED: December 8, 2023

EPSTEIN DRANGEL LLP

By:    *s/ Peter J. Farnese*
       Peter J. Farnese

Attorneys for Plaintiff