UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-353-GW-ASx | Date | September 11, 2024 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Lonni, Inc., et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None Present                                  None Present

**PROCEEDINGS:     IN CHAMBERS - ORDER STRIKING MOTION TO DISMISS; VACATING HEARING ON MOTION**

This District's Local Rules require a party contemplating filing a motion (with certain exceptions not applicable here) to "first contact opposing counsel to discuss *thoroughly* . . . the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3 (emphasis added).  Defendant Lonni, Inc. ("Defendant") filed a motion to dismiss in this matter, asserting that it had complied with Local Rule 7-3.  *See* Docket No. 99, at 2:11-14.  In response, plaintiff AirDoctor, LLC ("Plaintiff"), provided a declaration from its counsel indicating that the required meet-and-confer dealt, in substance, only with Defendant's plan to file a motion to *sever* in this action.  *See* Declaration of Ashly E. Sands, Docket No. 103-1, ¶¶ 6-9.  Though Plaintiff's counsel repeatedly asked Defendant to discuss the basis for any planned motion to dismiss, Defendant never did so.  *See id.* ¶¶ 10-11, 13.

As part of its Reply, Defendant did not file any declaration from counsel disputing Plaintiff's counsel's account.  Instead, it simply made various assertions within the text of its Reply brief asserting that its efforts had not been deficient in this regard.  *See* Docket No. 107, at 2:11-26.  Between a declaration made under penalty of perjury and mere assertions in a brief (or a boilerplate statement of compliance in an opening brief), the Court chooses to credit the former.  As such, the Court strikes Defendant's motion for failure to comply with Local Rule 7-3 in *at least* this way, and vacates the September 16, 2024 hearing date.  *See* C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.").

To be clear, even if the Court were inclined to overlook this basic defect in Defendant's motion,

|  |  : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-353-GW-ASx | | Date | September 11, 2024 |
|---|---|---|---|---|
| Title | *AirDoctor, LLC v. Lonni, Inc., et al.* | | | |

it would still deny the motion.[1]  Defendant is effectively attempting to relitigate a denial of an earlier motion to dismiss in this case issued by the previous judicial officer handling the matter.  *See* Docket No. 45.  The only thing that differentiates its effort in that regard is its reliance in this motion on its own testing reports of its and Plaintiff's products, a tactic – insofar as it centers on materials that are not referenced in Plaintiff's First Amended Complaint – Defendant should understand is outside the bounds of permissible consideration for a court adjudicating a Rule 12(b)(6) motion.  This matter is not yet at an evidentiary stage, and the credibility or actual truth of Plaintiff's allegations, and whether or not Plaintiff will actually be able to "demonstrate" or prove the elements of its claims, are matters that are not yet up for determination.

Defendant's motion is stricken (and would be denied even if it were not stricken).  The hearing on the motion set for September 16, 2024, is vacated.  However, the continued Status Conference for that day remains on-calendar.

IT IS SO ORDERED.

---

[1]Both parties appear to now be on the same page with respect to the fact that the references to "Ideal Living" in a test result referenced in the First Amended Complaint was a "scrivener's error."  Dismissal would not be warranted solely to remedy that slight, now-recognized, error.  This is especially true where this issue could have been addressed in the course of a proper meet-and-confer effort, absent here.

:

Initials of Preparer    JG