Tianyu Ju (State Bar Number: 323817)
Glacier Law LLP
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: 312.448.7772
Facsimile: 312.801.4587
Email: iris.ju@glacier.law
Attorneys for Defendants Dongguanshilianruizhongxinwangluokejiyouxiangongsi
and Shenzhen Dazhan Pengtu Internet Co., Ltd

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>LONNI., et. al,<br><br>        Defendants. | Case No.: 2:23−cv−00353−GW−AS<br><br>**DEFENDANTS DONGGUANSHILIANRUIZHONGXINWANGLUOKEJIYOUXIANGONGSI AND SHENZHEN DAZHAN PENGTU INTERNET CO., LTD'S COUNTERCLAIMS**<br><br>JUDGE: Hon George H. Wu<br><br>Complaint Filed: January 18, 2023 |
| DONGGUANSHILIANRUIZHONGXINWANGLUOKEJIYOUXIANGONGSI AND SHENZHEN DAZHAN PENGTU INTERNET CO., LTD.<br><br>        Counterclaim Plaintiffs,<br><br>    v.<br><br>AIRDOCTOR, LLC, a Delaware Limited Liability Company, | |

-1-

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Counterclaim Defendant.

LONNI, INC.,

      Counterclaim Plaintiff,

      v.

AIRDOCTOR, LLC, a Delaware Limited Liability Company,

      Counterclaim Defendant.

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNTERCLAIMS

Dongguanshilianruizhongxinwangluokejiyouxiangongsi ("LRZX") and Shenzhen Dazhan Pengtu Internet Co., Ltd ("DP") (collectively "Defendants"), by and through their undersigned counsel, hereby bring the below Counterclaims against AirDoctor, LLC (hereinafter, "Plaintiff" or "AirDoctor"), alleging the following on personal knowledge or, where Defendants, lack personal knowledge, upon information and belief.

## INTRODUCTION

1. This is an action for (I) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), (II) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., (III) California False Advertising Law, (Cal. Bus. & Prof. Code § 17500 et seq.), (IV) declaratory judgment that Defendants do not infringe trademarks: "AIRDOCTOR" with trademark registration Nos.5177385 and 7124269 and "ULTRAHEPA" with trademark registration No. 6300545 (collectively "Airdoctor Marks"), (V) declaratory judgment that Airdoctor Marks are invalid or unenforceable, and (VI) trademark cancellation under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1119. ("Lanham Act") for three (3) registered trademarks: "AIRDOCTOR" with trademark registration Nos.5177385 and 7124269; "ULTRAHEPA" with trademark registration No. 6300545

## PARTIES

2. LRZX is a Chinese entity with an address of Baxingfang Village Road, Room 302, No. 33 Daoxia Road, Baxingfang Village, Humen Town, Dongguan City, Guangdong Province, 523899 China.

3. DP is a Chinese entity with an address of 407, Building 11, Bai Men Qian Industrial Zone, Longgang District, Shenzhen City, Guangdong Province, 518144 China.

4. Upon information and belief, Counter-defendant AirDoctor is a Delaware limited liability company with its principal place of business in Sherman Oaks, California

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties to this action and venue is proper in this Court.

6. This is an action for declaratory judgment of non-infringement and invalidity of trademarks arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; for False Advertising arising under the Lanham Act, 15 U.S.C. § 1125; for violation of California's statutory unfair competition law arising under Cal. Bus. & Prof. Code, § 17200, et seq.; and for California False Advertising Law under Cal. Bus. & Prof. Code, § 17500, et seq..

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121(a). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has the power to order cancellation of Airdoctor's trademark registrations in the event that registration was issued in violation of the Lanham Act. 15 U.S.C. § 1119.

9. This Court has personal jurisdiction over Airdoctor because, on information and belief, Airdoctor is a Delaware limited liability company with its principal place of business in Sherman Oaks, California, and because the claims asserted herein arose in this judicial district.

## **STATEMENT OF FACTS**

10. On January18, 2023, Airdoctor filed a Complaint which initiated this Civil Action No. 2:23-cv-00353-AB-MAR, and filed the First Amended Complaint ("FAC') on July 15, 2024

11. In its FAC, Airdoctor has alleged that its filters meet or exceed the U.S. Department of Energy's HEPA standard of filtering 99.97% of airborne particles 0.3 microns in size. See Dkt. No.86¶34.

12. On Amazon Airdoctor's website https://www.amazon.com/AIRDOCTOR-AD3000-AD3500-Replacement-Filter/dp/B0CCJYH1FF/ref=sr_1_5?crid=2UVO47VQOHC5T&dib=eyJ2IjoiMSJ%E2%80%A6, Airdoctor's product listings claim that "UltraHEPAcaptures airborne contaminants such as dust, pollen, mold spores, smoke, pet hair, dander as small as .003 microns in size –100 times smaller than the HEPA standard!" This statement implies that only AirDoctor's filters meet or exceed HEPA standards, and that other filters, including those sold by Defendants, are inferior or counterfeit. See Exhibit A.

Amazon.com: AIRDOCTOR AD3000 / AD3500 Fits Both Models Genuine Filter Replacements -

- Replacement: Replace the dual-action VOC carbon filter every 6 months and the UltraHEPA filter every 12 months (under normal use) for best performance
- Cutting-Edge Technology: UltraHEPA captures airborne contaminants such as dust, pollen, mold spores, smoke, pet hair, dander as small as .003 microns in size – 100 times smaller than the HEPA standard!

13. On Airdoctor's website https://airdoctorpro.com/3-reasons-why-you-should-never-buy-fake-or-generic-airdoctor-filters/?c=1709750487, Airdoctor

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

claims that its UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns, which is claimed to be 100 times smaller than the standard HEPA filter requirement of 0.3 microns. This claim could be misleading as it may give consumers a false sense of the filter's overall efficacy across all particle sizes, potentially exaggerating the performance of the product. *See* Exhibit B.



Our genuine AirDoctor filters are third-party tested and proven to remove at least 99.99% of particles as small as 0.003 microns, 100 times smaller than the HEPA standard! We've also invested in independent testing to prove AirDoctor captures 99.97% of the live SARS-CoV-2 virus, as well as a range of bacteria, viruses and VOCs like formaldehyde.*

14. Independent laboratory Intertek testing of AirDoctor's filters, shows that the fractional efficiency is 99.94% for 0.05um particles. See Exhibit C. Therefore, for particles as small as 0.003 microns, the fractional efficiency could not possibly be higher than 99.94%. AirDoctor's claim that "UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns" is false.

**Test result**

| Table 1 | Filtration performance | | --- |
|---|---|---|---|
| Normal air volume flow rate m³/h | | 161 | |
| Test aerosol substances | | Latex beads, Neutralized | |
| Particle size range (µm) | | 0.05 | |
| Sample No. | Δ Pa | Fractional efficiency (%) | |
| 0240515-32 | 17 | 99.94 | |

**Results summary:**
One sample was tested, fractional efficiency is 99.94% for 0.05um particles.

15. AirDoctor's website asserts that "fake" or "generic" filters do not meet HEPA standards and that only AirDoctor-certified filters provide "true HEPA performance." This claim could mislead consumers into believing that other HEPA

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

certified filters, such as those sold by Defendants, are ineffective, which might not be the case. *See* Exhibit B.

16. In its FAC, Airdoctor alleges the ownership of all registered and unregistered intellectual property rights in and to its AirDoctor Brand and AirDoctor Air Purifiers and AirDoctor UltraHEPA Filters, including both registered and unregistered copyrights and trademarks. *See* Dkt. No. 86, ¶6

17. In its FAC, Airdoctor alleges that it owns federal trademark registrations covering its AIRDOCTOR, U.S. Trademark Reg. No. 5177385 in Class 11; ULTRAHEPA, U.S. Trademark Reg. No. 6300545 in Class 11. *Id.*, ¶7.

18. Recorded document for AIRDOCTOR, U.S. Trademark Reg. No. 5177385 in Class 11, for goods "Household appliances, namely, portable air cleaners and filters for household and consumer use". See Exhibit E. Airdoctor also owns federal trademark registration for 7124269, in class 11, for "Air purifiers; air purifying apparatus; air purifying units for residential, medical, healthcare, school, hospitality, and business and office use; air filtering units", *see* Exhibit F (collectively the "AIRDOCTOR Registrations").

19. Recorded document for ULTRAHEPA, U.S. Trademark Reg. No. 6300545 for in Class 11, for goods "Air purifying apparatus and machines". *See* Exhibit G.

20. Airdoctor initiates this action seeking injunctive relief and damages to halt Defendants' sale of replacement air filters for Airdoctor's AirDoctor 3000 mechanical air purifiers. *Id.* ¶ 1 Airdoctor's purifiers include a UltraHEPA filter which is sold under Airdoctor's AIRDOCTOR brand and trademarks. *Id*.

21. In its FAC, Airdoctor asserts that AirDoctor has protected its valuable rights by filing for, and obtaining, federal trademark registrations covering its AIRDOCTOR and ULTRAHEPA. *Id.* ¶7.

22. In its FAC, Airdoctor alleges Defendants' false advertising has harmed (and continues to harm) Airdoctor, its sales, its goodwill and its reputation. *Id.* ¶3 p20.

23. In its FAC, Airdoctor alleges Defendants profit off Airdoctor's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark, AirDoctor Air Purifiers and AirDoctor UltraHEPAFilters. *Id*., ¶¶ 9, 43.

24. An immediate and justiciable controversy exists between the parties based on Airdotctor's allegations stated in its First Amended Complaint against Defendants which constitute a threat to file a lawsuit against Defendant for allegedly infringing the AIRDOCTOR Marks. Specifically, Airdoctor alleges that Defendants have flooded the marketplace with cheap, flimsy filters "[i]n an effort to profit off Plaintiff's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark …" and that "[i]n an effort to capitalize and profit off the goodwill and success of Plaintiff's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark…" *See* Dkt. No. 86, pp. 2, 8.

25. Airdoctors' allegations constitute a threat to file a trademark infringement lawsuit against Defendants should Defendants continue to describe its filters with description including but not limited to "Ultra ... HEPA."

26. Defendants have denied that Airdoctor has any legal right to exclude it from using the words "AIRDOCTOR" and "ULTRAHEPA".

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## **COUNT I**
## **False Advertising In Violation Of The Lanham Act, 15 U.S.C. § 1125(A)**

27.  Defendants hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Airdoctor has made, and continues to make, false and/or misleading claims in commercial advertising that its UltraHEPA filters are the only filters that meet or exceed the U.S. Department of Energy's HEPA standard of filtering 99.97% of particles as small as 0.3 microns, and that its filters capture 99.99% of airborne particles as small as 0.003 microns, implying that other filters, including those sold by Defendants, are inferior or counterfeit. See Dkt. No. 86¶34.

29. Independent laboratory Intertek testing of AirDoctor's filters shows that the fractional efficiency is 99.94% for 0.05um particles. Therefore, for particles as small as 0.003 microns, the fractional efficiency could not possibly be higher than 99.94%. AirDoctor's claim that "UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns" is false and have a tendency to deceive consumers.

30. In addition, Airdoctor's claims that its filters capture particles 100 times smaller than the HEPA standard, and that competing filters, including those sold by Defendants, are "substandard" or "fake" and do not meet HEPA standards, are false and/or misleading.

31. Airdoctor's false and misleading advertising has actually deceived, has a tendency to deceive, and/or is likely to deceive consumers.

32. The resulting deception caused by Airdoctor's false advertising is material, as the claims that only AirDoctor's filters meet or exceed HEPA standards are likely to influence the purchasing decisions of consumers, diverting sales away from Defendants.

33. Airdoctor has disseminated these false and misleading advertising claims throughout the United States, and these claims were made in interstate commerce.

34. Such commercial advertising by Airdoctor constitutes false and misleading statements of fact that misrepresent the nature, qualities, and characteristics of its filters and those of Defendants in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

35. As a direct and proximate result of AirDoctor's false advertising, Defendants has suffered and is likely to continue to suffer significant monetary damages and discernible competitive injury due to the direct diversion of sales from Defendants.

36. Airdoctor's false advertising is knowing and willful.

37. Defendants has suffered and is likely to continue to suffer irreparable injury and has no adequate remedy at law, and thus is entitled to injunctive relief. Defendants is also entitled to the recovery of all available damages, including but not limited to, lost profits, attorneys' fees, costs, and AirDoctor's profits.

38. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Defendants to treble damages and recovery of attorneys' fees.

## COUNT II
## Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq

39. Defendantshereby incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Airdoctor's false advertising also constitutes unlawful, unfair, and fraudulent business practices under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

41. Airdoctor's conduct is unfair because it creates an unjust competitive advantage, harming Defendants's business by misrepresenting the quality of its own products and falsely asserting that filters from competitors, including defendants, are inferior. This harm outweighs any potential benefits of the advertising to consumers or competition.

42. Airdoctor's conduct is fraudulent because it is likely to deceive consumers into believing that only AirDoctor filters meet or exceed HEPA standards, thereby misleading the public about the effectiveness of competing filters, such as those sold by defendants.

43. As a result of Airdoctor's unlawful, unfair, and fraudulent business practices, Defendants has suffered and continues to suffer economic injury, including lost sales, reduced market share, and reputational harm.

## COUNT III
## Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.)

44. Defendants hereby incorporates by reference all preceding paragraphs as though fully set forth herein

45. Airdoctor has engaged in false and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500 et seq. Specifically, Airdoctor's advertising materials, including their product listings on Amazon and their website, make unsubstantiated claims regarding the performance of their "UltraHEPA" filters. For example, Airdoctorasserts that their filters capture particles as small as 0.003 microns with 99.99% efficiency, which is false

46. Airdoctor's statements regarding the performance of their filters, particularly claims that their UltraHEPA filters are superior to standard HEPA filters and that other filters, including Defendants' products, are substandard or counterfeit, are false and misleading. These claims are likely to deceive or confuse consumers,

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

giving them a false impression of the performance capabilities of Airdoctor's filters in comparison to those sold by Defendants.

47. Airdoctor made these false and misleading statements with the intent to influence consumers to purchase their products instead of those sold by Defendants. Airdoctor's advertising implies that only AirDoctor filters meet or exceed HEPA standards and that generic or third-party filters, such as those sold by Defendants, are ineffective, counterfeit, or do not meet HEPA standards, which is demonstrably false

48. Airdoctor's false advertising has caused significant harm to Defendants' business by misleading consumers into believing that only Airdoctor's filters are capable of providing adequate filtration. As a result, Defendants has lost sales and sustained reputational damage. Additionally, consumers are misled into purchasing Airdoctor's products based on false or exaggerated performance claims

49. Airdoctor's advertising constitutes a violation of California's False Advertising Law, as it involves statements that are untrue, misleading, and likely to deceive consumers. Airdoctor's conduct is unlawful, as their advertising was disseminated to the public with knowledge that the statements were false or with reckless disregard for the truth

## COUNT IV
## Declaratory Judgment of Non-Infringement of Airdoctor's Marks

50. Defendants hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

51. On information and belief, consumers have not confused Defendants' use of its mark for Airdoctor's trademarks. in connection with filter replacements.

52. Consumers are fully aware that Defendants' products are compatible with Airdoctor's product, and Defendants' products is not Airdoctor's product.

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

53. An immediate and justiciable controversy exists between the parties based on Airdotctor's allegations stated in its FAC against Defendants which constitute a threat to file a lawsuit against Defendants for allegedly infringing the AIRDOCTOR Marks.

54. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. Defendants is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing Airdoctor's rights in its trademarks.

## COUNT VI
## Declaratory Judgment of Invalidity and Cancellation Of Federal Trademark Registration Of "Airdoctor" For 5177385 And 7124269 Pursuant To 15 U.S.C. § 1119

56. Defendants repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein

57. Pursuant to 15 U.S.C. § 1052(e), Airdoctor's registrations for "AIRDOCTOR" are invalid and subject to cancellation because the marks registered thereunder are descriptive. Breakdown of "AIRDOCTOR", "AIR" which directly refers to the element that is being cleaned or filtered-air. For products like air purifiers or air filtering units, "AIR" is an essential and descriptive part of the product's function. Therefore, "AIR" is descriptive, not distinctive, for such products. "DOCTOR" generally refers to someone who heals or fixes something. In this context, "DOCTOR" could metaphorically describe a device that "heals" or "cleans" the air, implying that the product improves or purifies the air. This use of "DOCTOR" is suggestive of the product's function—fixing or purifying the air. So "AIRDOCTOR" is descriptive in the context of air purifiers and filters

58. Pursuant to 15 U.S.C. § 1064(3), Airdoctor's registrations for "AIRDOCTOR" are invalid and subject to cancellation because the marks registered thereunder are generic. The term "AIRDOCTOR" doesn't introduce any arbitrary or

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

suggestive elements that separate it from the general product class of air filters. Since the primary function of the product is to improve air quality, then "AIRDOCTOR" merely describes that function in common, understandable language. In fact many air filtration systems could be described as "fixing" or "healing" air quality, the term is likely to be understood by consumers as a generic label, rather than a unique brand identifier. So "AIRDOCTOR" is a generic mark.

59. An actual and justiciable controversy exists between Airdoctor and Defendants over Defendants' use of the words "AIRDOCTOR."

60. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61. Defendants are entitled to declaratory judgment that the Airdoctor Marks "AIRDOCTOR" is invalid and/or unenforceable.

62. Airdoctor's conduct has placed Defendants in reasonable apprehension of liability by accusing Defendants of passing off Plaintiff's trademark in the Complaint. Defendants have been put in constant fear and have a real interest in removing the trademark from the register to avoid further harm.

63. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, inter alia, determine the right to registration and order the cancellation of the registrations of any party to the action.

## COUNT V
### Declaratory Judgment of Invalidity And Cancellation Of Federal Trademark Registration Of "Ultrahepa" For 6300545 Pursuant To 15 U.S.C. § 1119

64. Defendants repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

65. Pursuant to 15 U.S.C. § 1052(e), Airdoctor's registrations for UltraHEPA is invalid and subject to cancellation because the mark registered thereunder are descriptive. Breakdown of "UltraHEPA", "Ultra" is commonly used as an intensifier

or superlative, indicating something is beyond the normal or is of superior quality. It is often used descriptively in marketing to imply that a product offers a higher level of performance or quality. For instance, terms like "ultra-clean," "ultra-fast," or "ultra-efficient" are all descriptive and not inherently distinctive; "HEPA" stands for High-Efficiency Particulate Air filter, which is a well-established standard for air filtration. The term "HEPA" is a widely recognized generic term that refers to a type of air filter capable of trapping very fine particles, typically used in air purifiers and similar devices, and an acronym for "high efficiency particulate air [filter]" defined by the U.S. Dept. of Energy. *See* Dkt. No. 86¶2, see also Exhibit G. Because "HEPA" describes a specific technology, it is already considered generic for air filters and air purifying products that meet this standard. When combined, "UltraHEPA" would be viewed by consumers as a term describing a high-performance HEPA filter, not as a source identifier or brand name. Therefore, "UltraHEPA" is considered descriptive in the context of air purifiers and filters.

66. Pursuant to 15 U.S.C. § 1064(3), Airdoctor's registrations for "ULTRAHEPA" are invalid and subject to cancellation. The term HEPA (High-Efficiency Particulate Air) is already widely used in the industry and is a standardized term for a type of air filter that meets certain efficiency criteria. Since HEPA itself is generic and non-protectable as a trademark, any modification of this term (such as adding Ultra) might not distinguish it enough to warrant trademark protection, especially if consumers perceive it as describing an enhanced or higher grade HEPA filter, rather than a brand-specific product. Consumers understand UltraHEPA as referring to any enhanced HEPA filter rather than a specific product from a particular company, so on the other hand "UltraHEPA" is generic.

67. An actual and justiciable controversy exists between Airdoctor and  over Defendants' use of the word "ULTRAHEPA".

DEFENDANTS'COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

68. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69. Defendants are entitled to declaratory judgment that the Airdoctor Mark "ULTRAHEPA" is invalid and/or unenforceable.

70. Airdoctor's conduct has placed Defendants in reasonable apprehension of liability by accusing Defendants of passing off Plaintiff's trademark in the Complaint. Defendants have been put in constant fear and has a real interest in removing the trademark from the register to avoid further harm.

71. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, inter alia, determine the right to registration and order the cancellation of the registrations of any party to the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants demands judgment in its favor and against AirDoctor as follows:

1. That Airdoctor take nothing by its complaint;

2. That the Court enter judgment against Airdoctor and in favor of Defendants and that Airdoctor's claims be dismissed in their entirety, with prejudice; Finding that Airdoctor has violated the Lanham Act, the California Unfair Competition Law, and the California False Advertising Law; Temporarily, preliminarily, and permanently enjoining, restraining, and forbidding Airdoctor and its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in concert, or who participates with Airdoctor, from further violations of the Lanham Act, the California Unfair Competition Law, and the California False Advertising Law as alleged herein;

3. Requiring Airdoctor to disseminate, at their sole and exclusive cost, corrective advertising to consumers;

4. Awarding to Defendants actual, compensatory, consequential, statutory, special, and/or punitive damages in an amount to be proven at trial and/or otherwise provided for by law;

5. Disgorgement of Airdoctor's sales and profits;

6. Compensation for all damages caused by Airdoctor;

7. Awarding Defendants restitution;

8. Awarding Defendants interest, costs, and reasonable attorneys' fees incurred by Defendants in prosecuting and defending this action;

9. Declare, adjudge, and decree that Defendants' past use of the words "AIRDOCTOR" and "UltraHepa" has not infringed any legal rights of Airdoctor;

10. Declare, adjudge, and decree that U.S. Trademark Registration Nos. 5177385, 7124269 and 6300545 are invalid;

11. Order that U.S. Trademark Registration Nos. 5177385, 7124269and 6300545 be canceled, and certify that Order by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119;

12. Declare that this is an "exceptional case" that warrants an award of attorney's fees against Airdoctor;

13. Granting Defendants pre-and post-judgment interest on its damages, together with all costs and expenses;

14. Award Defendants such other and further equitable relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby request a jury trial for all issues triable by jury.

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Date: 10/17/2024                           /s/ Tianyu Ju

                                           Tianyu Ju, Esq.
                                           iris.ju@glacier.law
                                           Glacier Law LLP
                                           *Attorney for Defendants*

DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT