**EPSTEIN DRANGEL LLP**
Ashly E. Sands, *pro hac vice*
asands@ipcounselors.com
Danielle S. Futterman, *pro hac vice*
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:  212-292-5390
Facsimile:   212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone:  310-356-4668
Facsimile:   310-388-1232
Attorneys for Plaintiff,
AirDoctor, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC., <br><br> Plaintiff, <br><br> v. <br><br> LONNI, INC., et al., <br><br> Defendants. | CASE NO.: 2:23-cv-00353-GW-AS <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date:  October 28, 2024 <br> Time:  8:30 a.m. <br> Crtm:  9D <br> Judge:  Hon. George H. Wu |

By and through their attorneys of record, who are set forth below, Plaintiff AirDoctor LLC ("Plaintiff" or "AirDoctor") and Defendants Lonni, Inc. ("Defendant Lonni") (collectively, the "Parties"), have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

## A.    STATEMENT OF THE CASE

### Plaintiff's Statement

Plaintiff is a purpose-driven consumer goods company and its mission is to create affordable and accessible products, relying on science and independent third-party testing. One of Plaintiff's most popular and trusted products is its professional-grade AirDoctor Air Purifiers (the capitalized terms are defined in the Amended Complaint, *Docket Entry No. 86*). The gold-standard of mechanical air filters are so-called "HEPA" filters. As defined by the U.S. Dept. of Energy ("DOE"), high-efficiency particulate air ("HEPA") filters work by forcing air through a fine mesh. Through a combination of diffusion, interception, and impaction, HEPA filters trap harmful airborne particles.  Plaintiff's AirDoctor UltraHEPA Filters capture dust, pollen, pet dander, smoke, mold spores, volatile organic compounds, and household odors with an efficiency exceeding the DOE standard to "remove at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3 microns." In order to ensure that the AirDoctor Air Purifiers function as designed and maintain a sealed system, Plaintiff recommends that its customers replace the filters in their AirDoctor Air Purifiers approximately once a year or every 6 months, depending on usage or other indoor conditions. Plaintiff sells genuine replacement AirDoctor UltraHEPA Filters on the AirDoctor Website and third-party sites such as Amazon.com.

In an effort to capitalize and profit off the goodwill and success of Plaintiff's AirDoctor Brand, the AirDoctor Air Purifiers and AirDoctor UltraHEPA Filters, Defendants have flooded the marketplace, chiefly on Amazon.com, with flimsy, cheaply-

made replacement filters that Defendants claim are "replacements" or "compatible with" or "fit" AirDoctor Air Purifiers, as well as are HEPA-grade, in order to trick Plaintiff's customers into purchasing Defendants' Substandard Filters.

Defendants market and sell a variety of purported air filters under the "LINNIW", "JORAIR" and "isinlive" brands on Amazon.com and operate under the Amazon.com storefront names "Joba 1", "JORAIR-FILTER" and "Lonnihome".  On Amazon.com, Defendants advertise that their filters are "HEPA" grade and are "compatible" with Plaintiff's AirDoctor Air Purifiers. In their advertising, labeling and packaging, Defendants convey the message to consumers that their filters meet the HEPA standard. Moreover, by claiming their filters are "compatible" with AirDoctor Air Purifiers, Defendants indicate that their filters perform just as Plaintiff's Airdoctor UltraHEPA Filters do within the AirDoctor Air Purifiers, and that they properly fit in the AirDoctor Air Purifiers to maintain a sealed system.

Plaintiff purchased Defendants' Substandard Filters through Amazon.com and had them tested by an independent third-party laboratory. The testing confirmed that Defendants' advertising claims are false and Defendants' filters fall well short of the HEPA standard (not to mention AirDoctor's own performance and efficiency standards) when used within the AirDoctor Air Purifiers. Defendants' false advertising has harmed (and continues to harm) AirDoctor, its sales, its goodwill and its reputation. Moreover, Defendants have deceived AirDoctor's customers in purchasing filters that Defendants claim are equivalent to genuine AirDoctor UltraHEPA Filters, when they are not. Accordingly, on July 15, 2024, Plaintiff filed an Amended Complaint which involves the following claims: (1) violation of Lanham Act false advertising (15. U.S.C. § 1125(a)); (2) violation of California Unfair Competition Law (Cal. Bus. & Prof. Code, § 17200, et seq.); and (3) violation of California False Advertising Law (Cal. Bus. & Prof. Code, § 17500, et seq.).

Lonni's Statement

Lonni denies Plaintiff's claims against it. In particular, Plaintiff's alleged test report of Lonni's product suffers from defects and is, therefore, insufficient to support Plaintiff's allegations. Meanwhile, three independent lab tests confirmed that Lonni's filters meet HEPA standards. Lonni filed Answer to the First Amended Complaint and Counterclaims against Plaintiff on September 25, 2024, alleging the following claims: (1) False Advertising in Violation of The Lanham Act, 15 U.S.C. § 1125(A); (2) Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq; (3) Violation of California False Advertising Law; (4) Invalidity and cancellation of Federal Trademark Registration of "Airdoctor" For 5177385 and 7124269 pursuant To 15 U.S.C. § 1119; (5) Invalidity and Cancellation Of Federal Trademark Registration of "ULTRAHEPA" For 6300545 Pursuant To 15 U.S.C. § 1119. Lonni intends to amend its counterclaims, adding new parties, cause of actions, and allegations.

**B.     SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**C.     LEGAL ISSUES**

Plaintiff's Statement

It is Plaintiff's position that it has sufficient evidence to establish that Defendants falsely advertised that their Substandard Filters are "compatible with" Plaintiff's AirDoctor Air Purifiers and that they are "HEPA" grade by virtue of the independent third-party lab testing Plaintiff has performed as well as expert testimony. In addition, Plaintiff also has sufficient evidence to show that the testing performed by Defendants is flawed, at best. Accordingly, Plaintiff believes the primary issue will be Plaintiff's entitlement to damages and injunctive relief.

Defendant Lonni's Statement

1. Whether Plaintiff has adequately pled a claim for violation of Lanham Act under 15 U.S.C §1125(a)?

2. Whether Plaintiff has adequately pled a claim for violation of California Unfair Competition under Cal. Bus. & Prof. Code §17200, et seq?

3. Whether Plaintiff has adequately pled a claim for violation of California False Advertising under Cal. Bus. & Prof. Code §17500, et seq?

4. It is Defendant Lonni's position that Plaintiff cannot meet its burden to prove its claims against Defendant Lonni since Defendant Lonni has not falsely advertised its air filters to be compatible with Plaintiff's airfilter, and Defendant Lonni, Inc. has not falsely advertised that its filers are "HEPA" grade.

5. Further, Looni has sufficient evidence to establish that Plaintiff and its affiliates falsely advertised that their "UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns" and the Federal Trademark Registrations of "Airdoctor" and "ULTRAHEPA" are invalid and should be cancelled.

6. Lonni is entitled to damages and injunctive relief.

**D.   PARTIES, EVIDENCE, ETC.**

Plaintiff's Statement

    a. *List of Parties*: Plaintiff AirDoctor LLC and Defendants Lonni, Inc., Shenzhen Mingdao Youshu E-Commerce Co., Ltd., Shenzhen Dazhan Pengtu Internet Co., Ltd., DongGuanShiLianRuiZhongXinWangLuoKeJiYouXianGongSi, d/b/a JORAIR-FILTER and JORAIR-FILTER.

       a. Ideal Living Management, LLC is the parent company of Plaintiff AirDoctor, LLC

    b. *Plaintiff's Percipient Witness*: Michael Pedersen c/o Ideal Living Management, LLC and Representative(s) of LMS Technologies, Inc.

    c. *Key Documents*: Screenshots of the AirDoctor Website, screenshots of the genuine replacement AirDoctor UltraHEPA Filters on Amazon.com, screenshots of Defendants' Amazon.com merchant storefronts and listings for the purported AirDoctor replacement filters, photographs of

Defendants' Substandard Filters, the independent laboratory testing reports performed on Defendants' Substandard Filters and other documents produced through discovery of which Plaintiff is currently unaware.

Defendant's Statement

    a. *List of Parties*: Plaintiff AirDoctor LLC and Defendants Lonni, Inc., Shenzhen Mingdao Youshu E-Commerce Co., Ltd., Shenzhen Dazhan Pengtu Internet Co., Ltd., DongGuanShiLianRuiZhongXinWangLuoKeJiYouXianGongSi.

        i. Ideal Living Management, LLC is the parent company of Plaintiff AirDoctor, LLC

    b. *Lonni's Percipient Witness*: Lonni believes that it may call the following witness:

        i. Peter Siegel c/o Ideal Living Management, LLC and Representatives of LMS Technologies, Inc.

        ii. Plaintiff's 30(b)(6) witness(es)

        iii. Witnesses Identified in Parties' Initial Disclosures and through or during discovery.

        iv. Parties' expert witness(es)

    c. *Key Documents*: Lonni identifies the following documents and thing on which it may rely:

        i. Defendant's air filters;

        ii. Other Documents identified through or during discovery.

**E.   DAMAGES**

Plaintiff's Statement

At this time, prior to the Parties having exchanged discovery, Plaintiff is unaware of Defendants' volume of sales and profits resulting from the sale of Defendants' Substandard Filters. Plaintiff is likewise unaware of whether Defendants sold their

Substandard Filters via online platforms and/or brick and mortar retailers other than Amazon.com. Plaintiff is thus presently unaware of the realistic range of its provable damages but respectfully reserves the right to supplement this response after receiving Defendants' discovery responses.

Defendant's Statement

Lonni contends that Plaintiff is not entitled to any damages. With respect to Lonni's counterclaims, Lonni is entitled to damages to be proved at trial.

**F. INSURANCE**

Plaintiff's Statement

Plaintiff does not have insurance coverage relevant to this action.

Defendant's Statement

Lonni does not have insurance coverage for the claims asserted in this litigation.

**G. MOTIONS**

Plaintiff's Statement

Plaintiff contemplates filing motions for sanctions against Defendants for (1) failing to comply with L.R. 7-3 in two separate motions, including, Defendant Lonni's motion to dismiss the FAC which was stricken by this Court; (2) bringing frivolous counterclaims; and (3) attempting to relitigate the same motion to dismiss that was previously denied by Judge Birotte and stricken by this Court. Plaintiff also contemplates bringing a motion to dismiss Defendants Dongguanshilianruizhongxinwangluokejiyouxiangongsi and Shenzhen Dazhan Pengtu Internet Co., Ltd.'s counterclaims.

Defendant's Statement

Lonni reserves the right to file motions as needed.

**H. DISPOSITIVE MOTIONS**

Plaintiff's Statement

Plaintiff plans to file a motion for summary judgment after the completion of discovery.

EPSTEIN
DRANGEL LLP

LOS ANGELES

Defendant Lonni's Statement

Lonni intends to file a motion for summary judgement after the completion of discovery.

## I. MANUAL FOR COMPLEX LITIGATION

The parties submit that the procedures of the Manual for Complex Litigation should not be utilized.

## J. STATUS OF DISCOVERY

Plaintiff's Statement

Plaintiff and Defendant Lonni have exchanged paper discovery. On September 26, 2024, Plaintiff served a Rule 37-1 meet and confer letter on Defendants' counsel regarding Lonni's deficient discovery responses (after the parties had a phone call regarding the same earlier that day). By email dated October 15, 2024, counsel for Lonni indicated that Lonni would supplement certain discovery responses. As of the date of this report, Lonni has yet to provide Plaintiff with the supplemental responses.

With respect to the remaining Defendants, since they only filed responses to Plaintiff's Amended Complaint recently, Plaintiff and the remaining Defendants have yet to begin exchanging discovery.

Defendant Lonni's Statement

Lonni intends to serve a Rule 37-1 meet and confer letter on Plaintiff's counsel regarding Plaintiff's deficient discovery responses and request supplemental responses.

## K. DISCOVERY PLAN

### 1. Initial Disclosures

Plaintiff and Lonni have exchanged Initial Disclosures. Plaintiff and the remaining Defendants do not propose any changes to the form or timing for disclosures under Federal Rule of Civil Procedure 26(a).

### 2. Discovery Subject, Timing, and Phasing

The Parties expect to conduct discovery requiring the production of documents, electronic materials, and things, interrogatories, requests for admission, and depositions. The Parties do not believe that discovery needs to be phased.

Plaintiff's Statement

Plaintiff anticipates conducting discovery on the following subjects: (1) Defendants' knowledge of AirDoctor, the AirDoctor Air Purifiers and the AirDoctor UltraHEPA Filters; (2) Defendants' purchase and sale of Defendants' Substandard Filters; (3) Defendants' revenue and profit resulting from the sale of Defendants' Substandard Filters; (4) the statements Defendants made about Defendants' Substandard Filters; (5) instances of consumer confusion and/or deception; (6) the websites, e-commerce platforms and/or brick and mortar retailers where Defendants sold their Defendants' Substandard Filters; (7) the independent testing conducted on Defendants' Substandard Filtersby Plaintiff and potentially testing conducted at Defendants' direction; (8) the independent testing conducted by Defendant on Defendants' Substandard Filters.

Defendant Lonni's Statement

Lonni plans on conducting discovery with respect to (1) Plaintiff's Knowledge of Defendant Lonni and its filers, (2) Plaintiff's revenue and profit of the sale of its air filters, (3) Plaintiff's independent laboratory testing of Defendant Lonni's air filters, (4) any instances of consumer confusion, (5) any instance of loss of sales and customers, (6) the stores and location where Plaintiff sells its air filter, (7) allegations regarding to Defendant Loni's alleged false advertisement of its filers.

Lonni also anticipates conducting discovery on the following subjects: (1) Plaintiff's purchase and sale of Plaintiff's filters; (2) Plaintiff's revenue and profit resulting from the sale of Plaintiff's filters; (3) the statements Plaintiff's made about Plaintiff's filters; (4) the testing conducted on Plaintiff's filters by Plaintiff and potentially testing conducted at Plaintiff's direction.

**L.   DISCOVERY CUT-OFF**

The Parties propose the following discovery cut-off date: May 15, 2025.

**M.   EXPERT DISCOVERY**

The Parties propose expert discovery to be completed by August 13, 2025.

**N.   SETTLEMENT   CONFERENCE   /   ALTERNATIVE   DISPUTE RESOLUTION ("ADR")**

The Parties engaged in settlement discussions that were unsuccessful. The Parties agree that a settlement conference with Judge Wu would be productive as soon as possible.

**O.   TRIAL ESTIMATE**

The Parties have demanded a jury trial. The Parties estimate that the trial will last approximately three to four (3-4) court days.

**P.   TRIAL COUNSEL**

Trial counsel for Plaintiff will be Ashly Sands, Danielle Futterman and Peter Farnese.

Trial counsel for Defendant Lonni will be Tianyu Ju and Xionghui Murong.

**Q.   INDEPENDENT EXPERT OF MASTER**

The Parties submit that this is not a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53.

**R.   OTHER ISSUES**

The parties submit that there are no other issues affecting the status or management of the case at this time.

DATED: October 23, 2024          **EPSTEIN DRANGEL LLP**

By:  s/ Peter J. Farnese
    Peter J. Farnese
    Danielle S. Futterman, *Pro Hac Vice*

Attorneys for Plaintiff,
AirDoctor, LLC

EPSTEIN
DRANGEL LLP

LOS ANGELES

DATED: October 23, 2024          **GLACIER LAW**

By:  s/ Tianyu Ju
            Tianyu Ju

Attorneys for Defendants

## **ATTESTATION**

     Pursuant to L.R. 5-4.3.4, Peter J. Farnese hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:  s/ Peter J. Farnese
            Peter J. Farnese