**EPSTEIN DRANGEL LLP**
Ashly E. Sands (*pro hac vice*)
asands@ipcounselors.com
Danielle Futterman (*pro hac vice*)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232
*Attorneys for Plaintiff AirDoctor LLC*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>LONNI, INC., LONNI INC., d/b/a LONNIHOME, SHENZHEN MINGDAO YOUSHU E-COMMERCE CO., LTD., SHENZHEN DAZHAN PENGTU INTERNET CO., LTD., DONGGUANSHILIANRUIZHONGXINWANGLUOKEJIYOUXIANGONGSI d/b/a JORAIR-FILTER, and JORAIR-FILTER,<br><br>*Defendants* | CASE NO. 2:23-cv-00353-GW-AS<br><br>Judge: Hon. George H. Wu<br><br>**PLAINTIFF AIRDOCTOR LLC'S NOTICE OF MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Danielle S. Futterman; and [Proposed] Order filed concurrently herewith]<br><br>Date: January 16, 2025<br>Time: 8:30 a.m.<br>Ctrm: 9D<br>Complaint Filed: January 18, 2023<br>FAC Filed: July 15, 2024 |

- 1 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 16, 2025 at 8:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, 9th Floor, before the Honorable George H. Wu, Plaintiff AirDoctor LLC ("AirDoctor") will and hereby does move for sanctions against counsel for Defendant Lonni, Inc. ("Lonni") and Defendant Shenzhen Mingdao Youshu E-Commerce Co., Ltd. ("Mingdao"), Tianyu Iris Ju, Esq. and Xionghui Murong, Esq. of Glacier Law LLP (hereinafter, "Glacier") pursuant to L.R. 83-7 for (1) Glacier's failure to comply with L.R. 7-3 in making Lonni's motion to dismiss Plaintiff's first amended complaint ("Lonni Second MTD"[1] and "FAC"[2], respectively), (2) Lonni's frivolous Second MTD, and (3) Glacier's failure to comply with L.R. 7-3 in making Mingdao's motion to dismiss the FAC (Dkt. 116) ("Mingdao MTD").

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities in support thereof and exhibits attached hereto; the supporting Declaration of Danielle S. Futterman filed herewith; the [Proposed] Order filed herewith, the pleadings, papers and other documents on file herein; and such further material or argument as the Court may consider at or before the hearing on this Motion.

This Motion is made is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 8, 2024 and on October 25, 2024.

Dated: December 13, 2024      **EPSTEIN DRANGEL LLP**

*/s/ Peter J. Farnese*

Peter J. Farnese

Attorneys for Plaintiff AirDoctor LLC

---

[1] Dkt. 99.
[2] Dkt. 86.

# **TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................. 3

III.    ARGUMENT ...................................................................................................... 5

      A.      Sanctions Pursuant to L.R. 83-7 Are Appropriate Due to Defendant Lonni's Counsel's Failure to Comply with L.R. 7-3 ...................................................................................................... 5

      B.      Sanctions Pursuant to L.R. 11-9 and L.R. 83-7 Are Appropriate Because Glacier's Filing of Lonni's Second MTD was Frivolous ................................................................................. 7

IV.     CONCLUSION ................................................................................................... 8

**CASES**

*Air Doctor, LLC v. Lonni, Inc.*, 23-cv-00353-AB-MAR, 2023 U.S. Dist. LEXIS 147700 (C.D. Cal. Aug. 21, 2023) ................................................- 6 -

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ...............................- 9 -

*Disney Enters. v. Vidangel Inc.*, No. CV 16-04109-AB (PLAx), 2017 U.S. Dist. LEXIS 221998 (C.D. Cal. Oct. 5, 2017) ............................................- 9 -

*Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH-SP, 2023 U.S. Dist. LEXIS 123056 (C.D. Cal. May 9, 2023).......................................- 10 -

*Roper v. Poma*, No. CV 07-0316 CAS (Ex), 2008 U.S. Dist. LEXIS 127748 (C.D. Cal. June 25, 2008).................................................................- 9 -

*Shillitani v. U.S.*, 384 U.S. 364, 370 (1966)...............................................- 10 -

*Spallone v. U.S.*, 493 U.S. 265 (1990)........................................................- 10 -

*Stewart v. San Luis Ambulance, Inc.*, No. LA-CV 13-09458-BRO (SSx), 2015 WL 12681650 (C.D. Cal. Aug. 7, 2015).......................................- 8 -

*Tailai Ting v. Covina Access.*, LLC, No. LA CV19-06431 JAK (GJSx), 2021 U.S. Dist. LEXIS 269124 (C.D. Cal. June 15, 2021) ..........................................................................................................- 8 -

*Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989).......................- 10 -

**RULES**

C.D. Cal. 7-3.................................................................................................- 8 -

C.D. Cal. L.R. 11-9 ......................................................................................- 9 -

C.D. Cal. L.R. 7-3 ........................................................................................- 8 -

C.D. Cal. L.R. 83-7 ....................................................................................- 10 -

C.D. Cal. L.R. 83-7(a) .................................................................................- 7 -

C.D. Cal. L.R. 83-7(b) .................................................................................- 7 -

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Plaintiff AirDoctor LLC ("AirDoctor" or "Plaintiff") brings this motion for sanctions against Glacier pursuant to L.R. 83-7 for (1) Glacier's failure to comply with L.R. 7-3 in making the Lonni Second MTD, (2) Lonni's frivolous Second MTD, and (3) Glacier's failure to comply with L.R. 7-3 in making the Mingdao MTD.

## I.   INTRODUCTION

This Court should order Glacier to pay Plaintiff's fees and costs in connection with (1) Glacier's August 6, 2024 meet and confer ("August 6, 2024 Meet-and-Confer"), (2) Plaintiff's opposition to the Second MTD, (3) Glacier's October 14, 2024 meet-and-confer regarding the Mingdao MTD ("October 14, 2024 Meet-and-Confer"), (4) Plaintiff's opposition to the Mingdao MTD; and (5) Plaintiff's meet-and-confer regarding the instant motion which took place on October 8, 2024 ("October 8, 2024 Meet-and-Confer"), pursuant to L.R. 83-7 and this Court's inherent power, because of Glacier's repeated and flagrant disregard of the rules of this Court and waste of the Court, its clients' and Plaintiff's resources.[3]

---

[3] Plaintiff also intends to move for sanctions against Glacier and Defendant Lonni in connection with Defendant Lonni's counterclaims against Plaintiff filed on September 26, 2024 ("Lonni Counterclaims") (Dkt. 115) on the basis that the Lonni Counterclaims are frivolous. Specifically, as Plaintiff indicated on the October 8, 2024 Meet-and-Confer regarding such a motion and in its motion to dismiss the Lonni Counterclaims ("MTD Lonni Counterclaims") (Dkt. 115), (1) every single one of Lonni's Counterclaims run afoul of Rule 8(a), (2) Lonni has maintained the unreasonable and frivolous position that Lonni has standing to bring cancellation claims for three (3) of Plaintiff's Marks despite the fact that the First Amended Complaint filed on July 15, 2024 (Dkt. 86) ("FAC") contains no underlying trademark claims whatsoever and that one of Plaintiff's Marks that Lonni seeks to cancel is not even referenced in the FAC, and (3) Lonni's false advertising are theoretical, speculative and/or conclusory, entirely devoid of any factual allegations to support falsity, deception or injury, improperly excerpt and/or dubiously paraphrase Plaintiff's alleged false statements and are improperly based on alleged statements made (9) months prior to Lonni's Substandard Filters' entry into the market. However, given that Lonni has indicated that it will be filing amended counterclaims, (Continued...)

With respect to the August 6, 2024 Meet-and-Confer and Lonni's Second MTD, this Court has soundly found that Glacier's "bait and switch" Meet-and-Confer violated Local Rule 7-3 and that the Lonni Second MTD was frivolous in that it was merely an "attempt[] to relitigate a denial of an earlier motion to dismiss in this case issued by the previous judicial officer handling the matter." *See* September 11, 2024 Order Striking Motion to Dismiss (Dkt. 109) ("9/11/24 Order"). While Glacier and Ashly E. Sands and Danielle S. Futterman of Epstein Drangel LLP, counsel for Plaintiff (hereinafter, "Epstein Drangel") participated in the August 6, 2024 Meet-and-Confer, Glacier indicated that it would be filing a motion to sever, and though Glacier referenced a motion to dismiss when it initially emailed Epstein Drangel to schedule the August 6, 2024 Meet-and-Confer, when Epstein Drangel repeatedly requested that Glacier detail any grounds for its motion beyond moving to sever in effort to discuss the same and attempt to avoid wasting this Court's (and counsels') time and resources during the August 6, 2024 Meet-and-Confer, Glacier refused to provide counsel for Plaintiff with any more information regarding the basis for its proposed motion and simply suggested that Epstein Drangel refer to "public documents". (*See generally*, Declaration of Ashly E. Sands filed in opposition to the Lonni Second MTD (Dkt. 103-1) ("Sands Opp Dec.") and the Declaration of Danielle S. Futterman enclosed herewith ("Futterman Dec.") at ¶ 8). In fact, the July 26, 2024 test report that forms the basis for the Lonni Second MTD was not even provided to Epstein Drangel until August 8, 2024, two days after the August 6, 2024 Meet-and-Confer, and Glacier never requested a subsequent call or even indicated that it would rely on the test report in the Lonni Second MTD. Further, the Lonni Second MTD

---

which Glacier has indicated will include a claim for a declaration of non-infringement and the addition of two (2) additional counterclaim defendants that have no relationship to either the existing Lonni Counterclaims or the proposed amended counterclaims, which will require additional unnecessary motion practice, including motion(s) to dismiss any amended counterclaims, Plaintiff has no choice but to wait to bring an additional motion for sanctions with respect to the Defendants' various counterclaims until the Court has made a determination on such motion(s) to dismiss.

MOTION FOR SANCTIONS

was filed only six (6) days after the Meet and Confer, not seven (7) as required by L.R. 7-3. (Futterman Dec., ¶ 12).

Subsequently, Glacier again blatantly violated L.R. 7-3 in connection with its filing of the Mingdao MTD when it filed the Mingdao MTD on October 17, 2024 only three (3) days after the October 14, 2024 Meet-and-Confer, i.e. four (4) days less than what is required pursuant to L.R. 7-3. (Futterman Dec., ¶ 21). Notably, during the October 14, 2024 Meet-and-Confer, Epstein Drangel indicated to Glacier that if Glacier could produce documentation, such as a license agreement or other documentation evidencing the relationship between Lonni and Mingdao, that Epstein Drangel would consider it, and if sufficient, would dismiss Mingdao from the instant action, obviating the need for the Mingdao MTD. (Futterman Dec., ¶¶ 18, 19). Epstein Drangel also requested that Glacier confirm whether any such documents existed prior to filing the Mingdao MTD and Ms. Ju responded that she refused to confirm whether or not any such evidence existed. (Futterman Dec., ¶ 19).

Even if this Court were not inclined to sanction Glacier for its multiple gross violations of L.R. 7-3, this Court has already found that Defendant Lonni's Second MTD is nothing more than an impermissible attempt to relitigate a motion already appropriately denied by Judge Birotte more than a year ago, and accordingly, the Court should sanction Glacier on that basis alone. *See* 9/11/24 Order.

## II.   STATEMENT OF FACTS

On July 31, 2024, Glacier notified Epstein Drangel, via e-mail, that Defendant Lonni intended to file a motion to dismiss and a motion to sever in the instant action. On August 6, 2024 Glacier and counsel for Plaintiff, held the August 6, 2024 Meet-and-Confer. During the August 6, 2024 Meet-and-Confer, Mr. Murong indicated that Lonni intended to file a motion to sever this action on the basis that it was not sufficiently connected to the New Defendants (as defined *infra*) for the same reasons that were addressed by Lonni in its opposition to Plaintiff's motion to amend the complaint. Ms. Futterman and Ms. Sands advised Mr. Murong and Ms. Ju that their purported grounds

for severing this action were baseless, particularly in light of the Court's granting of Plaintiff's motion to amend the complaint (Dkt. 85) to add Shenzhen Dazhan Pengtu Internet Co., Ltd. ("Dazhan"), Mingdao, DongGuanShiLianRuiZhongXinWangLuoKeJiYouXianGongSi d/b/a JORAIR-FILTER, and JORAIR-FILTER (hereinafter collectively, "New Defendants") and indicated that Plaintiff would be opposing their motion.

After Plaintiff filed the initial Complaint in the instant action, Defendant Lonni filed a Motion to Dismiss Plaintiff's Complaint ("MTD") (Dkt. 25). In the MTD, Lonni argued that Plaintiff failed to state claims for federal and state false advertising and for state unfair competition. Accordingly, by Order dated August 21, 2023, the Court denied Lonni's MTD and directed Lonni to file an Answer to the Complaint. Dkt. 45. The Second MTD was virtually identical to Lonni's MTD. Dkt. 99; *see also*, 9/11/24 Order. Plaintiff's FAC contains almost identical allegations to the original Complaint which has already survived Lonni's MTD. *See, Air Doctor, LLC v. Lonni, Inc.*, 23-cv-00353-AB-MAR, 2023 U.S. Dist. LEXIS 147700 (C.D. Cal. Aug. 21, 2023). The FAC simply added the same claims, with the same supporting evidence, including same independent third-party test results from the same laboratory, against the New Defendants. When repeatedly asked by Epstein Drangel if there were any other grounds that Glacier would rely on in its motion to sever and/or dismiss, Ms. Ju directed Epstein Drangel to refer to "public documents" and neither Mr. Murong nor Ms. Ju indicated any other grounds to dismiss the instant action. Before the parties concluded the August 6, 2024 Meet-and-Confer, Epstein Drangel requested that Glacier contact Epstein Drangel in the event that Glacier decided to include additional arguments in the forthcoming motion. Two days after the August 6, 2024 Meet-and-Confer, on August 8, 2024, Glacier produced the a new test report dated July 26, 2024 ("July 26, 2024 Substandard Filter Test Report"). Glacier never requested a subsequent meet and confer to discuss the July 26, 2024 Substandard Filter Test Report, nor did it ever contact Epstein Drangel to advise or otherwise discuss that it intended to move to dismiss the FAC based on the July 26, 2024 Substandard Filter Test

MOTION FOR SANCTIONS

Report or any other grounds. Finally, Glacier filed Lonni's Second MTD only six (6) days after the August 6, 2024 Meet-and-Confer, on August 12, 2024 (Dkt. 99).

Subsequently, the parties participated in the October 14, 2024 Meet-and-Confer regarding the Mingdao MTD during which Glacier indicated that Mingdao licensed the trademark, isinlive (which was used in connection with the false advertising and sale of the Substandard Filters sold on Lonni's Amazon.com storefront in the instant action), to Lonni. In response, Epstein Drangel indicated that it would consider documentary evidence confirming the relationship between Mingdao and Lonni including, **without limitation**, a license agreement. Epstein Drangel indicated that to the extent a license agreement or any other documents and/or communications that confirm the relationship between Mingdo and Lonni existed, it would expect to be given the opportunity to receive and review them before Glacier made its motion. Epstein Drangel also asked Glacier if it would confirm whether or not such documents exist prior to Glacier making the motion so Epstein Drangel could be fully apprised of Mingdao's position and properly consider the facts and circumstances and Ms. Ju responded that if there was no documentary evidence, "I am not going to send an email confirming that I have no evidence". (Futterman Dec., ¶ 19). Following the October 14, 2024 Meet-and-Confer Epstein Drangel sent a confirmatory email to Glacier memorializing its request to receive any evidence in advance of Glacier's motion. Glacier failed to produce any of the requested evidence and instead filed the Mingdao MTD only three (3) days after the October 14, 2024 Meet-and-Confer.

### III.   ARGUMENT

**A. <u>Sanctions Pursuant to L.R. 83-7 Are Appropriate Due to Defendant Lonni's Counsel's Failure to Comply with L.R. 7-3</u>**

This Court has the authority to issue sanctions pursuant to the local rules. *See* C.D. Cal. L.R. 83-7(a) (empowering the Court to issue monetary sanctions for a violation of the Local Rules and upon a finding that the offending party's conduct "was willful, grossly negligent, or reckless"); C.D. Cal. L.R. 83-7(b) (empowering the Court to award

costs and attorneys' fees to opposing counsel upon a finding that the offending party acted in bad faith).

As stated, under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." "The conference must take place *at least seven days* before filing the motion and the moving party must confirm the following in its motion: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Tailai Ting v. Covina Access.*, LLC, No. LA CV19-06431 JAK (GJSx), 2021 U.S. Dist. LEXIS 269124, at *6-7 (C.D. Cal. June 15, 2021) (*quoting* L.R. 7-3). The purpose of Local Rule 7-3 is to give all parties a full understanding of the disputes at issue and to "foster the informal resolution of disputes without court intervention." *Stewart v. San Luis Ambulance, Inc.*, No. LA-CV 13-09458-BRO (SSx), 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015).

Here, as set forth in the Sands Opp. Dec., despite Epstein Drangel's repeated requests that Glacier set forth any and all bases on which they intended to move to dismiss the FAC, Glacier failed to discuss *any* bases for its motion to dismiss the FAC during the August 6, 2024 Meet-and-Confer, goading Epstein Drangel to review "public records" to determine Glacier's basis, and even produced evidence two (2) days *after* the August 6, 2024 Meet-and-Confer that Defendant Lonni substantively relied on in the Lonni Second MTD, which it never revealed during the August 6, 2024 Meet-and-Confer and which it never discussed at all, let alone "thoroughly" as required by L.R. 7-3, with Epstein Drangel in advance of filing the Lonni Second MTD. Further, Lonni filed the Second MTD six (6) days after the Meet-and-Confer, which is a day earlier than allowed pursuant to L.R. 7-3. Also, as this Court noted in the 9/11/24 Order, despite the ability to do so in its reply in support of the Lonni Second MTD ("Lonni Reply"), Lonni did not file any declaration from counsel disputing Plaintiff's counsel's account of the August 6, 2024 Meet-and-Confer.

As further evidence of Glacier's disdain for the rules of this Court, Glacier once again failed to provide potential evidence to Epstein Drangel that it intended to rely on in the Mingdao MTD which could have forestalled the need to file the Mingdao MTD altogether, refused to confirm whether such evidence even existed, and instead proceeded with filing the Mingdao MTD a mere three (3) days after the October 14, 2024 Meet-and-Confer which is four (4) days less than what is required under L.R. 7-3. *See Roper v. Poma*, No. CV 07-0316 CAS (Ex), 2008 U.S. Dist. LEXIS 127748, at *5-6 (C.D. Cal. June 25, 2008) (concluding that the magistrate judge's order imposing monetary sanctions pursuant to L.R. 83-7 where the plaintiff's counsel refused to meet and confer pursuant to L.R. 37-1 and/or L.R. 7-3 was not clearly erroneous or contrary to law).

Accordingly, this Court can and should sanction Defendant Loni for its blatant and recurrent failure to comply with the rules of this Court. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

**B. Sanctions Pursuant to L.R. 11-9 and L.R. 83-7 Are Appropriate Because Glacier's Filing of Lonni's Second MTD was Frivolous**

Central District Local Rule 11-9 gives courts the discretion to sanction parties for presenting frivolous motions. *Disney Enters. v. Vidangel Inc.*, No. CV 16-04109-AB (PLAx), 2017 U.S. Dist. LEXIS 221998, at *5-6 (C.D. Cal. Oct. 5, 2017). The rule provides that "[t]he presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of [Local Rule] 83-7." C.D. Cal. L.R. 11-9. Local Rule 83-7 authorizes the following:

> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

*Id.* (quoting C.D. Cal. L.R. 83-7).

In addition, a district court also has the "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966); *see also Spallone v. U.S.*, 493 U.S. 265, 276 (1990); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-79 (9th Cir. 1989) (a district court's power to sanction attorneys is derived from a court's inherent power "to maintain order and preserve the dignity of the court" and from "the legislative grant of authority to promulgate rules.").

In this action, and as Your Honor acknowledged in the 9/11/24 Order, Lonni's Second MTD was "effectively attempting to relitigate a denial of an earlier motion to dismiss in this case issued by the previous judicial officer handling the matter," and that it, "center[ed] on materials that are not referenced in Plaintiff's First Amended Complaint," which "Defendant should understand is outside the bounds of permissible consideration for a court adjudicating a Rule 12(b)(6) motion." *See* 9/11/24 Order. Accordingly, since there is no question that this Court has already found that Lonni's Second MTD was an attempt to relitigate a motion that was already denied by Judge Birotte and that it was based on evidence that was not in the FAC, there is no question that Lonni's Second MTD was a frivolous motion. *See Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH-SP, 2023 U.S. Dist. LEXIS 123056, at *7-8 (C.D. Cal. May 9, 2023) (awarding sanctions where defendant's motion was merely an "improper attempt at relitigating his previously denied motion to dismiss").

## IV. CONCLUSION

For the reasons set forth above, AirDoctor respectfully requests that this Court sanction Glacier pursuant to L.R. 83-7 for (1) Glacier's failure to comply with L.R. 7-3 in making the Lonni Second MTD, (2) Lonni's frivolous Second MTD, and (3) Glacier's failure to comply with L.R. 7-3 in making the Mingdao MTD and pursuant to L.R. 11-9 for the frivolous Lonni Second MTD in the amount of Plaintiff's attorneys fees and costs associated with (1) Glacier's August 6, 2024 Meet-and-Confer, (2) Plaintiff's opposition

to the Second MTD, (3) Glacier's October 14, 2024 Meet-and-Confer (4) Plaintiff's opposition to the Mingdao MTD; and (5) the Sanctions Meet-and-Confer.

Respectfully submitted,

DATED: December 13, 2024         EPSTEIN DRANGEL LLP

                                 By:   *s/ Peter J. Farnese*
                                       Peter J. Farnese

                                 Attorneys for Plaintiff,
                                 AirDoctor LLC

MOTION FOR SANCTIONS