**EPSTEIN DRANGEL LLP**
Ashly E. Sands, *pro hac vice*
asands@ipcounselors.com
Danielle S. Futterman, *pro hac vice*
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone:  310-356-4668
Facsimile:   310-388-1232

Attorneys for Plaintiff,
AirDoctor, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>          v.<br><br>LONNI, INC., LONNI INC. d/b/a LONNIHOME, SHENZHEN MINGDAO YOUSHU E-COMMERCE CO., LTD., SHENZHEN DAZHAN PENGTU INTERNET CO., LTD., DONGGUANSHILIANRUIZHONGXIN WANG LUOKEJIYOUXIANGONGSI d/b/a JORAIR-FILTER and JORAIR-FILTER,<br><br>                    Defendants. | CASE NO. 2:23-cv-00353-GW-AS<br><br>Judge: Hon George H. Wu<br><br>**DECLARATION OF DANIELLE S. FUTTERMAN**<br><br>Date: January 16, 2025<br>Time: 8:30 a.m.<br>Ctrm: 9D |

CASE NO.  2:23-cv-00353-GW-AS

DECLARATION OF DANIELLE S. FUTTERMAN

## <u>DECLARATION OF DANIELLE S. FUTTERMAN</u>

I, Danielle S. Futterman, declare as follows:

1. I am an attorney with the law firm Epstein Drangel LLP ("Epstein Drangel"), counsel of record for Plaintiff AirDoctor LLC (hereinafter "Plaintiff" or "AirDoctor") and am admitted *pro hac vice* in this action.

2. I make this declaration based on my own personal knowledge or upon information and belief and, if called upon to testify, would testify competently as to the matters contained therein.

3. I submit this declaration in support of Plaintiff's Motion for Sanctions.

4. On July 31, 2024, my office received an email from Ben Murong, of Glacier Law LLP, counsel for Lonni ("Glacier") indicating that Lonni planned "to file the Motion to Dismiss and Motion to Sever in this case" and requesting a meet and confer.

5. We scheduled a meet and confer for August 6, 2024 by telephone.

6. On August 6, 2024, my colleague Ashly Sands and I spoke with Ben Murong and Iris Ju of Glacier Law ("August 6, 2024 Meet-and-Confer").

7. I have reviewed the Declaration of Ashly Sands filed in opposition to the Lonni motion to dismiss plaintiff's first amended complaint ("Sands Opp. Dec.", the "Lonni Second MTD", and "FAC", respectively), and the Sands Opp. Dec. recounts the August 6, 2024 Meet-and-Confer accurately and exactly as I remember the telephone call.

8. As indicated in the Sands Opp. Dec., because Mr. Murong's July 31, 2024 email referenced a motion to dismiss, Ms. Sands and I repeatedly asked Glacier to identify any other grounds or arguments they intended to raise in any contemplated motion so Plaintiff could attempt to address the same and save the Court's and counsels' time and resources. Glacier refused to provide counsel for Plaintiff with any more information regarding the basis for its proposed motion and simply suggested that Epstein Drangel refer to "public documents" and neither Ms. Ju nor Mr. Murong indicated any other grounds to dismiss the instant action.

9. Before the parties concluded the August 6, 2024 Meet-and-Confer, Epstein Drangel requested that Glacier contact Epstein Drangel in the event that Glacier decided to include additional arguments in the forthcoming motion.

10. Two days later, on August 8, 2024, counsel for Lonni provided a new test report dated July 26, 2024 ("July 26, 2024 Substandard Filter Test Report").

11. Counsel for Lonni never requested a subsequent meet and confer to discuss the July 26, 2024 Substandard Filter Test Report, nor did it ever contact Plaintiff's counsel after the August 6, 2024 Meet-and-Confer to discuss that it intended to move to dismiss the FAC.

12. Glacier filed the Second Lonni MTD six (6) days after the Meet and Confer on August 12, 2024 ("Lonni's Motion to Dismiss"). (Dkt. 99).

13. On October 8, 2024, Ms. Sands and I had a L.R. 7-3 meet and confer with Iris Ju, counsel for Lonni regarding Plaintiff's instant motion for sanctions. ("October 8, 2024 Meet-and-Confer" and "Motion for Sanctions", respectively).

14. During the October 8, 2024 Meet-and-Confer, Epstein Drangel advised Glacier that Plaintiff intended to move for sanctions pursuant to 28 U.S.C. § 1927 and/or L.R. 83-7 on the bases that (1) Glacier failed to comply with L.R. 7-3 in making the Second Lonni MTD, and (2) the Second Lonni MTD sought to relitigate issues that were already decided upon, and was therefore frivolous.

15. Additionally, during the October 8, 2024 Meet-and-Confer, Epstein Drangel indicated its intention to file a Motion to Dismiss Lonni's Counterclaims (Dkt. 115) ("Lonni Counterclaim MTD") based on the following grounds: (1) every single one of Lonni's Counterclaims run afoul of Rule 8(a), (2) Lonni has maintained the unreasonable and frivolous position that Lonni has standing to bring cancellation claims for three (3) of Plaintiff's Marks despite the fact that the FAC contains no underlying trademark claims whatsoever and that one of Plaintiff's Marks that Lonni seeks to cancel is not even referenced in the FAC, and (3) Lonni's false advertising are theoretical, speculative and/or conclusory, entirely devoid of any factual allegations to support falsity, deception or

injury, improperly excerpt and/or dubiously paraphrase Plaintiff's alleged false statements and are improperly based on alleged statements made (9) months prior to Lonni's Substandard Filters' entry into the market.

16.     Shortly thereafter, also on October 8, 2024, Epstein Drangel sent a confirmatory email to Glacier reiterating the grounds for its contemplated motions.

17.     Thereafter, Glacier requested a subsequent meet and confer on October 14, 2024 to discuss a contemplated motion to dismiss to be brought by Defendant Mingdao ("October 14, 2024 Meet-and-Confer" and "Mingdao MTD", respectively).

18.     During the October 14, 2024 Meet-and-Confer, Glacier indicated that Mingdao licensed the trademark, isinlive (which was used in connection with the false advertising and sale of the Substandard Filters sold on Lonni's Amazon.com Storefront in the instant action), to Lonni. In response, Epstein Drangel indicated that it would consider documentary evidence confirming the relationship between Mingdao and Lonni including, **<u>without limitation</u>**, a license agreement.

19.     Epstein Drangel indicated that to the extent a license agreement or any other documents and/or communications that confirm the relationship between Mingdo and Lonni existed, it would expect to be given the opportunity to receive and review them before Glacier filed the Mingdo MTD. Epstein Drangel also asked Glacier if it would confirm whether or not such documents exist prior to Glacier making the motion so Epstein Drangel could be fully apprised of Mingdao's position and properly consider the facts and circumstances and Ms. Ju responded that if there was no documentary evidence, "I am not going to send an email confirming that I have no evidence".

20.     Following the October 14, 2024 Meet-and-Confer I sent a confirmatory email to Glacier memorializing Epstein Drangel's request to receive any evidence in advance of Glacier's motion.

21.     Glacier failed to produce any of the requested evidence and instead filed the Mingdao MTD on October 17, 2024, only three (3) days after the October 14, 2024 Meet-and-Confer.

22.     By email dated October 18, 2024, Epstein Drangel requested a subsequent meet and confer with Glacier as it intended to file a second motion for sanctions due to Glacier's failure to properly meet and confer prior to filing the Mingdao MTD.

23.     On October 25, 2024, Epstein Drangel and Glacier had a meet and confer during which time the parties were unable to reach an agreement with respect to Plaintiff's contemplated motion for sanctions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 12, 2024 at New York, New York.

By: _____
Danielle S. Futterman