Tianyu Ju (SBN: 323817)
Xionghui Murong (SBN: 326314)
Glacier Law LLP
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: 312.448.7772
Facsimile: 312.801.4587
Email: iris.ju@glacier.law
Ben.murong@glacier.law

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company, | Case No.: 2:23−cv−00353−GW−AS |
| Plaintiff, | **DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS** |
| v. | JUDGE: Hon George H. Wu |
| LONNI., et. al, | Complaint Filed: January 18, 2023 |
| Defendants. | |
| DONGGUANSHILIANRUIZHONGXINWANGLUOKEJIYOUXIANGONGSI AND SHENZHEN DAZHAN PENGTU INTERNET CO., LTD. | |
| Counterclaim Plaintiffs, | |
| v. | |

AIRDOCTOR, LLC, a Delaware Limited Liability Company,

    Counterclaim Defendant.

LONNI, INC.,

    Counterclaim Plaintiff,

    v.

AIRDOCTOR, LLC, Ideal Living, LLC, Response Products, LLC d/b/a Ideal Living Direct,

    Counterclaim Defendants.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

## COUNTERCLAIMS

LONNI, INC ( hereinafter, "Counter-plaintiff" or "Lonni"), by and through its undersigned counsel, hereby brings the below First Amended Counterclaims against AirDoctor, LLC (hereinafter, "AirDoctor"), Ideal Living, LLC, and Response Products, LLC d/b/a Ideal Living Direct (collectively, "Counter-defendants"), alleging the following on personal knowledge or, where Lonni, lack personal knowledge, upon information and belief.

## INTRODUCTION

1. This is an action for (I) False Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), (II) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., (III) California False Advertising Law, (Cal. Bus. & Prof. Code § 17500 et seq.), (IV) declaratory judgment that Lonni does not infringe trademarks: "AIRDOCTOR" with trademark registration Nos. 5177385 and 7124269 and "ULTRAHEPA" with trademark registration No. 6300545 (collectively "Airdoctor Marks"), (V) declaratory judgment that Airdoctor Marks are invalid and/or unenforceable, and (VI) trademark cancellation under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1119. ("Lanham Act") for three (3) registered trademarks: "AIRDOCTOR" with trademark registration Nos.5177385 and 7124269; "ULTRAHEPA" with trademark registration No. 6300545

## PARTIES

2. Counter-plaintiff Lonni is a Colorado corporation with its principal place of business located at 320 S Main St, Hasty, CO 81044.

3. Upon information and belief, Counter-defendant AirDoctor is a Delaware limited liability company with its principal place of business in Sherman Oaks, California.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

4. Upon information and belief, Counter-defendant Ideal Living, LLC is a California Limited Liability Company with its principal place of business at 14724 Ventura Blvd Ste 200, Sherman Oaks, CA 91403. Ideal Living, LLC owns and operates the website https://enterprise.idealliving.com/ that sells Airdoctor filters.

5. Upon information and belief, Counter-defendant Response Products, LLC is a California Limited Liability Company with its principal place of business at 14724 Ventura Blvd, Ste. 200, Sherman Oaks, CA 91403. Response Products, LLC owns and operates the Amazon storefront Ideal Living Direct that sells Airdoctor filters. Response Products, LLC is conducting substantial business throughout the United States, and this District, including on Amazon.com.

## **JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over the parties to this action and venue is proper in this Court.

7. This is an action for Declaratory Judgment of non-infringement and invalidity of trademarks arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; for False Advertising arising under the Lanham Act, 15 U.S.C. § 1125; for violation of California's Statutory Unfair Competition Law arising under Cal. Bus. & Prof. Code, § 17200, et seq.; and for California False Advertising Law under Cal. Bus. & Prof. Code, § 17500, et seq; trademark cancellation under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1119.

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121(a). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

9. This Court has the power to order cancellation of Airdoctor's trademark registrations in the event that registration was issued in violation of the Lanham Act. 15 U.S.C. § 1119.

10. This Court has personal jurisdiction over Airdoctor because, on information and belief, Airdoctor is a Delaware limited liability company with its principal place of business in Sherman Oaks, California, and because the claims asserted herein arose in this judicial district. This Court has personal jurisdiction over Ideal Living, LLC and Response Products, LLC d/b/a Ideal Living Direct because, on information and belief, they are California limited liability companies with their principal place of business in Sherman Oaks, California.

11. This Court has personal jurisdiction over each of the Counter-defendants, on information and belief, each of whom has engaged in business activities in this District and the State of California, offered for sale Airdoctor filters in this District and the State of California, knowingly and purposefully directed business activities to this District and the State of California, and availed themselves of the benefits afforded by California laws, and committed tortious acts, knowing that Lonni would suffer injuries in this District and the State of California.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Counter-defendants have conducted, and continue to conduct, business in this District, and a substantial part of the events or omissions, including Lonni's injuries, giving rise to the claim occurred in this District.

### STATEMENT OF FACTS

13. On January 18, 2023, Airdoctor filed a Complaint which initiated this Civil Action No. 2:23-cv-00353-AB-MAR and filed the First Amended Complaint ("FAC") on July 15, 2024.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

14. Upon information and belief, Airdoctor initiated this lawsuit in an improper attempt to eliminate competition for the replacement filters used in Airdoctor purifiers.

15. Airdoctor persist in litigating this lawsuit despite being presented with three test reports, confirming that filters sold by Lonni conform with the advertised HEPA standards.

16. Upon information and belief, Airdoctor filed complaints with Amazon and caused Lonni's filters to be delisted.

17. Upon information and belief, Airdoctor refused to enter a covenant not to sue with Lonni with respect to Airdoctor Marks. Specifically, during the parties' meet and confer on October 8, 2024, Airdoctor declined Lonni's proposal for Airdoctor to promise not to enforce its trademarks against Lonni. Lonni reiterated its request for a promise not to sue on October 10, 2024, but received no response from Airdoctor. *See* Exhibit A.

## I. Airdoctor's filters sold by Counter-defendants

18. In its FAC, Airdoctor has alleged that its filters meet or exceed the U.S. Department of Energy's HEPA standard, effectively removing "at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3microns.". *See* Dkt. No.86 ¶34.

19. Airdoctor alleges and advertises that its filters remove at least *99.99%* of particles as small as 0.003 microns. *Id* ¶¶ 35, 39.

20. Upon information and belief, on Airdoctor's website https://airdoctorpro.com/3-reasons-why-you-should-never-buy-fake-or-generic-airdoctor-filters/?c=1709750487, Airdoctor claims that its UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns in its advertising, labeling, and packaging of the Airdoctor filters, which is claimed to be 100 times smaller than the standard HEPA filter requirement of 0.3 microns. This claim is

misleading as it gives consumers a false sense of the filter's overall efficacy across all particle sizes, potentially exaggerating the performance of the product. *See* Exhibit B.



Our genuine AirDoctor filters are third-party tested and proven to remove at least 99.99% of particles as small as 0.003 microns, 100 times smaller than the HEPA standard! We've also invested in independent testing to prove AirDoctor captures 99.97% of the live SARS-CoV-2 virus, as well as a range of bacteria, viruses and VOCs like formaldehyde.*

21. Upon information and belief, Response Products, LLC d/b/a Ideal Living Direct, advertises that its "UltraHEPA filters removes 99.99% of particles at .003 microns" in its advertising, labeling, and packaging of the Airdoctor filters. *See* Exhibit C; *See also* https://www.amazon.com/AIRDOCTOR-AD3000-AD3500-Replacement-Filter/dp/B0CCJYH1FF/ref=sr_1_5?crid=2UVO47VQOHC5T&dib=eyJ2IjoiMSJ%E2%80%A6&th=1.



DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

22. Upon information and belief, Ideal Living, LLC advertises that its "UltraHEPA™ filter … captures an impressive 99.99% of ultra-fine particles as small as .003 microns – 100 times smaller than the standard HEPA filter. AirDoctor's air purifiers also remove 99.97% of the COVID-19 virus" in its advertising, labeling, and packaging of the Airdoctor filters. *See* Exhibit D; *See also* https://enterprise.idealliving.com/air-solution-health-wellness/.

23. Independent laboratory Intertek testing of Airdoctor's filters, shows that the fractional efficiency is 99.94% for 0.05um particles. *See* Exhibit E. Therefore, for particles as small as 0.003 microns, the fractional efficiency could not possibly be higher than 99.94%. Counter-defendants' advertisements that Airdoctor UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns is false.

**Test result**

| Table 1 | Filtration performance | --- |
|---|---|---|
| Normal air volume flow rate m³/h | | 161 |
| Test aerosol substances | | Latex beads, Neutralized |
| Particle size range (μm) | | 0.05 |
| Sample No. | Δ Pa | Fractional efficiency (%) |
| 0240515-32 | 17 | 99.94 |

**Results summary:**
One sample was tested, fractional efficiency is 99.94% for 0.05um particles.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

24. AirDoctor's website asserts that "fake" or "generic" filters do not meet HEPA standards and that only AirDoctor-certified filters provide "true HEPA performance." This claim misleads consumers into believing that other HEPA certified filters, such as those sold by Lonni, are ineffective. *See* Exhibit B.

> **2. Fake Filters Don't Capture Key Contaminants**
>
> Genuine AirDoctor filters like our UltraHEPA filter are tested & proven to capture the ultra-fine, microscopic contaminants you can't see like PM 2.5. That means particles that are 2.5 microns are smaller. AirDoctor is tested and proven to capture particles as small as 0.003 microns in size. That includes particles like dust, pollen, mold spores, smoke, pet hair, pet dander, bacteria, and viruses. Remember, ultra-fine particles are the ones that are most harmful to human health because they are capable of passing through your lungs and directly into your bloodstream.
>
> And AirDoctor's Gas Trap Carbon filter uses a proprietary blend of activated carbon and potassium permanganate to capture invisible gasses and chemicals you can't see like ozone and formaldehyde. We use a unique blend of this material in our Carbon filters that is more expensive than generic activated carbon so that it actually removes volatile organic compounds (VOCs) like formaldehyde.
>
> Generic filters may look similar to genuine AirDoctor filters, but they fail in comparison when it comes to performance. This leaves you exposed to dangerous contaminants that you invested in your AirDoctor to protect you against.

25. Lonni has suffered damages and will continue to suffer damages due to Airdoctor's false advertising and the delistings resulting from Airdoctor's complaints to Amazon.

## II. Airdoctor Marks

26. In its FAC, Airdoctor alleges the ownership of all registered and unregistered intellectual property rights in and to its AirDoctor Brand and AirDoctor Air Purifiers and AirDoctor UltraHEPA Filters, including both registered and unregistered copyrights and trademarks. *See* Dkt. No. 86 ¶6

27. In its FAC, Airdoctor alleges that it owns federal trademark registrations covering its AIRDOCTOR, U.S. Trademark Reg. No. 5177385 in Class 11; ULTRAHEPA, U.S. Trademark Reg. No. 6300545 in Class 11. *Id*. ¶7.

28. Recorded document for AIRDOCTOR, U.S. Trademark Reg. No. 5177385 in Class 11, for goods "Household appliances, namely, portable air cleaners and filters for household and consumer use". *See* Exhibit F. Airdoctor also owns federal trademark registration for 7124269, in class 11, for "Air purifiers; air

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

purifying apparatus; air purifying units for residential, medical, healthcare, school, hospitality, and business and office use; air filtering units", *see* Exhibit G (collectively the "AIRDOCTOR Registrations").

29. Recorded document for ULTRAHEPA, U.S. Trademark Reg. No. 6300545 for in Class 11, for goods "Air purifying apparatus and machines". *See* Exhibit H.

30. Airdoctor initiates this action seeking injunctive relief and damages to halt Lonni's sale of replacement air filters for Airdoctor's AirDoctor 3000 mechanical air purifiers. *Id.* ¶1. Airdoctor's purifiers include a UltraHEPA filter which is sold under Airdoctor's AIRDOCTOR brand and trademarks. *Id*.

31. In its FAC, Airdoctor asserts that AirDoctor has protected its valuable rights by filing for, and obtaining, federal trademark registrations covering its AIRDOCTOR and ULTRAHEPA. *Id.* ¶7.

32. In its FAC, Airdoctor alleges Lonni's false advertising has harmed (and continues to harm) Airdoctor, its sales, its goodwill and its reputation. *Id.* ¶3 p20.

33. In its FAC, Airdoctor alleges Lonni's profit off Airdoctor's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark, AirDoctor Air Purifiers and AirDoctor UltraHEPAFilters. *Id.*, ¶¶ 9, 43.

34. On October 10, 2024, Lonni's counsel inquired whether Airdoctor would agree not to enforce its trademarks against Lonni in an effort to resolve the cancellation claims in Lonni's counterclaims. Airdoctor's counsel responded to other issues but remained silent on this inquiry. *See* Exhibit A.

35. An immediate and justiciable controversy exists between the parties based on Airdotctor's allegations stated in its First Amended Complaint against Lonni which constitute a threat to sue Lonni for allegedly infringing the AIRDOCTOR Marks. Specifically, Airdoctor alleges that Lonni have flooded the marketplace with cheap, flimsy filters "[i]n an effort to profit off Plaintiff's AirDoctor Brand,

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

AIRDOCTOR Mark, ULTRAHEPA Mark …" and that "[i]n an effort to capitalize and profit off the goodwill and success of Plaintiff's AirDoctor Brand, AIRDOCTOR Mark, ULTRAHEPA Mark…" *See* Dkt. No. 86, pp. 2, 8.

36. Airdoctor's allegations constitute a threat to file a trademark infringement lawsuit against Lonni should Lonni continue to describe its filters with description including but not limited to "'compatible' and 'fit' AirDoctor Air Purifiers" and "Ultra ... HEPA."

37. An actual and substantial controversy exists between the parties based on AirDoctor's allegations in its First Amended Complaint against Lonni. Specifically, AirDoctor asserts that "(D)efendants' false advertising has harmed AirDoctor, its sales, goodwill, and reputation," and purportedly deceived customers into purchasing Lonni's filters as equivalent to AirDoctor UltraHEPA Filters, creating an explicit and adverse conflict between the parties' legal rights and interests *See* Dkt. No. 86, ¶ 74. These allegations constitute a real, concrete, and ongoing legal dispute under the Lanham Act and related claims, where AirDoctor accuses Lonni of engaging in conduct that infringes upon AirDoctor's trademarks and harms its business. This controversy is neither speculative nor hypothetical; it directly impacts Lonni's ability to market and sell its products without the constant threat of legal enforcement from AirDoctor. Accordingly, judicial resolution is necessary to clarify the parties' rights, determine the validity and enforceability of AirDoctor's trademarks, and resolve this substantial controversy.

38. Lonni has denied that Airdoctor has any legal right to exclude it from using the words "AIRDOCTOR" and "ULTRAHEPA".

39. Lonni suffers damages and will continue to be damaged by Airdoctor's enforcements of Airdoctor Marks.

## COUNT I

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

**False Advertising In Violation Of The Lanham Act, 15 U.S.C. § 1125(A) Against Airdoctor, LLC, Ideal Living, LLC, Response Products, LLC d/b/a Ideal Living Direct**

40. Lonni hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Counter-defendants have made, and continues to make, false and/or misleading claims in commercial advertising that its UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns. *See* Exhibits B, C, D.

42. Counter-defendant Airdoctor advertised that "[g]eneric filters … fail in comparison when it comes to performance. This leaves you exposed to dangerous contaminants." *See* Exhibit B. Upon information and belief, such a claim was intended to, and did, mislead and/or deceive a substantial segment of consumers in their purchasing decisions, diverting sales away from sellers of generic filters, such as Lonni.

43. Independent laboratory Intertek testing of AirDoctor's filters shows that the fractional efficiency is 99.94% for 0.05um particles. Therefore, for particles as small as 0.003 microns, the fractional efficiency could not possibly be higher than 99.94%. AirDoctor's claim that "UltraHEPA filters capture 99.99% of airborne particles as small as 0.003 microns" is false and have a tendency to deceive consumers.

44. Counter-defendants' false and misleading advertising has actually deceived, has a tendency to deceive, and/or is likely to deceive consumers.

45. The resulting deception caused by Counter-defendants' false advertising is material, as the claims that "[g]eneric filters … fail in comparison when it comes to performance. This leaves you exposed to dangerous contaminants," *See* Exhibit B., upon information and belief, influence the purchasing decisions of consumers, diverting sales away from sellers of generic filters, such as Lonni.

-12-

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

46. Counter-defendants has disseminated these false and misleading advertising claims throughout the United States, and these claims were made in interstate commerce.

47. Such commercial advertising by Counter-defendants constitutes false and misleading statements of fact that misrepresent the nature, qualities, and characteristics of their filters and those of Lonni in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

48. As a direct and proximate result of Counter-defendants' false advertising, Lonni has suffered and is likely to continue to suffer significant monetary damages and discernible competitive injury due to the direct diversion of sales from Lonni.

49. Counter-defendants' false advertising is knowing and willful.

50. Lonni has suffered and is likely to continue to suffer irreparable injury and has no adequate remedy at law, and thus is entitled to injunctive relief. Lonni is also entitled to the recovery of all available damages, including but not limited to, lost profits, attorneys' fees, costs, and Counter-defendants' profits.

51. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Lonni to treble damages and recovery of attorneys' fees.

## COUNT II
### Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq Against Airdoctor, LLC, Ideal Living, LLC, Response Products, LLC d/b/a Ideal Living Direct

52. Lonni hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Counter-defendants' false advertising also constitutes unlawful, unfair, and fraudulent business practices under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq.

-13-

54. Counter-defendants' conduct is unfair because it creates an unjust competitive advantage, harming Lonni's business by misrepresenting the quality of its own products and falsely asserting that filters from competitors, including Lonni, are inferior. This harm outweighs any potential benefits of the advertising to consumers or competition.

55. Counter-defendants' conduct is fraudulent because, upon information and belief, it deceives consumers into believing that only AirDoctor filters meet or exceed HEPA standards, and misleads the public about the effectiveness of competing filters, such as those sold by Lonni.

56. As a result of Counter-defendants' unlawful, unfair, and fraudulent business practices, Lonni has suffered and continues to suffer economic injury, including lost sales, reduced market share, and reputational harm.

## COUNT III
### Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.) Against Airdoctor, LLC, Ideal Living, LLC, Response Products, LLC d/b/a Ideal Living Direct

57. Lonni hereby incorporates by reference all preceding paragraphs as though fully set forth herein

58. Counter-defendants have engaged in false and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500 et seq. Specifically, Counter-defendants' advertising materials, including their product listings on Amazon and their websites, make unsubstantiated claims regarding the performance of their "UltraHEPA" filters. For example, Counter-defendants falsely advertise that their filters capture particles as small as 0.003 microns with 99.99% efficiency.

59. Counter-defendants' statements regarding the performance of their filters, particularly claims that generic filters, including Lonni' products, "fail in comparison when it comes to performance. This leaves you exposed to dangerous contaminants," *See* Exhibit B, are false and misleading. These claims are likely to

-14-
DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

mislead and/or deceive consumers, giving them a false impression of the performance capabilities of Counter-defendants' filters in comparison to those sold by Lonni.

60. Counter-defendants made these false and misleading statements with the intent to mislead and/or deceive a substantial segment of its audience to purchase their products instead of those sold by other sellers, including Lonni. Counter-defendants' advertising implies that only AirDoctor filters meet or exceed HEPA standards and that generic or third-party filters, such as those sold by Lonni, are ineffective, counterfeit, or do not meet HEPA standards, which is demonstrably false.

61. Counter-defendants' false advertising has caused significant harm to Lonni' business by misleading consumers into believing that only Airdoctor's filters are capable of providing adequate filtration. As a result, Lonni has lost sales and sustained reputational damage. Additionally, consumers are misled into purchasing Counter-defendants' products based on false or exaggerated performance claims.

62. Counter-defendants' advertising constitutes a violation of California's False Advertising Law, as it involves statements that are untrue, misleading, and likely to deceive consumers. Counter-defendants' conduct is unlawful, as their advertising was disseminated to the public with knowledge that the statements were false or with reckless disregard for the truth.

## COUNT IV
## Declaratory Judgment of Non-Infringement of Airdoctor's Marks
## Against Airdoctor, LLC

63. Lonni hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

64. On information and belief, consumers have not been confused by Lonni' use of AIRDOCTOR mark in connection with its filter replacements for Airdoctor air purifiers.

-15-
DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

65. Lonni's filters bear the brand Isinlive and Lonni advertises that Isinlive filters are *Compatible* with AIRDOCTOR Air Puri-fier AD3000 AD3000M AD3000pro. *See* Dkt. No. 86-11.Consumers are fully aware that Lonni' products are compatible with Airdoctor's Air Puri-fier, and Lonni' products are not Airdoctor's products.

66. An immediate and justiciable controversy exists between the parties based on Airdotctor's allegations stated in its FAC against Lonni which constitute a threat to file a lawsuit against Lonni for allegedly infringing the AIRDOCTOR Marks.

67. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

68. Lonni is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing Airdoctor's rights in its trademarks.

## COUNT VI
### Declaratory Judgment of Invalidity and Cancellation Of Federal Trademark Registration of "Airdoctor" For 5177385 And 7124269 Pursuant To 15 U.S.C. § 1119

69. Lonni repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein

70. Pursuant to 15 U.S.C. § 1052(e), Airdoctor's registrations for "AIRDOCTOR" are invalid and subject to cancellation because the Airdocotr's 5177385 and 7124269 registrations thereunder are descriptive.

71. Breakdown of "AIRDOCTOR", "AIR" which directly refers to the element that is being cleaned or filtered-air. For products like air purifiers or air filtering units, "AIR" is an essential and descriptive part of the product's function. Therefore, "AIR" is descriptive, not distinctive, for such products. "DOCTOR" generally refers to someone who heals or fixes something. In this context, "DOCTOR" could metaphorically describe a device that "heals" or "cleans" the air, implying that the product improves or purifies the air. This use of "DOCTOR" is

-16-

suggestive of the product's function—fixing or purifying the air. So "AIRDOCTOR" is descriptive in the context of air purifiers and filters.

72. Airdoctor's attempt to restrict the descriptive fair use of the generic terms "airdoctor" by Lonni within its marketplace has given rise to the present controversy, necessitating the cancellation of Airdoctor's Registration Nos 5177385 and 7124269.

73. Pursuant to 15 U.S.C. § 1064(3), Airdoctor's registrations for "AIRDOCTOR" are invalid and subject to cancellation because the marks registered thereunder are generic.

74. The term "AIRDOCTOR" doesn't introduce any arbitrary or suggestive elements that separate it from the general product class of air filters. Since the primary function of the product is to improve air quality, then "AIRDOCTOR" merely describes that function in common, understandable language. In fact many air filtration systems could be described as "fixing" or "healing" air quality, the term is likely to be understood by consumers as a generic label, rather than a unique brand identifier. So "AIRDOCTOR" is a generic mark.

75. An actual and justiciable controversy exists between Airdoctor and Lonni over Lonni' use of the words "AIRDOCTOR."

76. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77. Lonni is entitled to declaratory judgment that the "AIRDOCTOR" trademark Registrations are invalid and/or unenforceable.

78. Airdoctor's conduct has placed Lonni in reasonable apprehension of liability by accusing Lonni of passing off Plaintiff's trademark in the Complaint. Lonni have been put in constant fear and have a real interest in removing the trademark from the register to avoid further harm.

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

79. Lonni has been damaged and will continue to be damaged by the "AIRDOCTOR" trademark Registrations, and Airdoctor has used those registrations as a basis of its Complaint against Lonni.

80. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, inter alia, determine the right to registration and order the cancellation of the registrations of any party to the action.

## COUNT V
### Declaratory Judgment of Invalidity And Cancellation Of Federal Trademark Registration Of "Ultrahepa" For 6300545 Pursuant To 15 U.S.C. § 1119

81. Lonni repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

82. Pursuant to 15 U.S.C. § 1052(e), Airdoctor's registrations for UltraHEPA is invalid and subject to cancellation because the mark registered thereunder is descriptive.

83. Breakdown of "UltraHEPA", "Ultra" is commonly used as an intensifier or superlative, indicating something is beyond the normal or is of superior quality. It is often used descriptively in marketing to imply that a product offers a higher level of performance or quality. For instance, terms like "ultra-clean," "ultra-fast," or "ultra-efficient" are all descriptive and not inherently distinctive; "HEPA" stands for High-Efficiency Particulate Air filter, which is a well-established standard for air filtration. The term "HEPA" is a widely recognized generic term that refers to a type of air filter capable of trapping very fine particles, typically used in air purifiers and similar devices, and an acronym for "high efficiency particulate air [filter]" defined by the U.S. Dept. of Energy. *See* Dkt. No. 86¶2, *see also* Exhibit I. Because "HEPA" describes a specific technology, it is already considered generic for air filters and air purifying products that meet this standard. When combined, "UltraHEPA" would be viewed by consumers as a term describing a high-performance HEPA filter, not as a

source identifier or brand name. Therefore, "UltraHEPA" is considered descriptive in the context of air purifiers and filters.

84. Airdoctor's attempt to restrict the descriptive fair use of the generic terms "UltraHEPA" by Lonni within its marketplace has given rise to the present controversy, necessitating the cancellation of Airdoctor's Registration No 6300545.

85. Pursuant to 15 U.S.C. § 1064(3), Airdoctor's registration for "ULTRAHEPA" is invalid and subject to cancellation because the mark registered thereunder is generic.

86. The term HEPA (High-Efficiency Particulate Air) is already widely used in the industry and is a standardized term for a type of air filter that meets certain efficiency criteria. Since HEPA itself is generic and non-protectable as a trademark, any modification of this term (such as adding Ultra) might not distinguish it enough to warrant trademark protection, especially if consumers perceive it as describing an enhanced or higher grade HEPA filter, rather than a brand-specific product. Consumers understand UltraHEPA as referring to any enhanced HEPA filter rather than a specific product from a particular company, so on the other hand "UltraHEPA" is generic.

87. An actual and justiciable controversy exists between Lonni and Airdoctor's "ULTRAHEPA" trademark registration.

88. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89. Lonni is entitled to declaratory judgment that the Airdoctor Mark "ULTRAHEPA" is invalid and/or unenforceable.

90. Airdoctor's conduct has placed Lonni in reasonable apprehension of liability by accusing Lonni of passing off Plaintiff's trademark in the Complaint. Lonni has been put in constant fear and has a real interest in removing the trademark from the register to avoid further harm.

91. Lonni has been damaged and will continue to be damaged by the "ULTRAHEPA" trademark Registration, and Airdoctor has used the registration as a basis of its Complaint against Lonni.

92. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, inter alia, determine the right to registration and order the cancellation of the registrations of any party to the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Lonni demands judgment in its favor and against AirDoctor as follows:

1. That Airdoctor take nothing by its complaint;

2. That the Court enter judgment against Airdoctor and in favor of Lonni and that Airdoctor's claims be dismissed in their entirety, with prejudice; Finding that Airdoctor has violated the Lanham Act, the California Unfair Competition Law, and the California False Advertising Law; Temporarily, preliminarily, and permanently enjoining, restraining, and forbidding Airdoctor and its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in concert, or who participates with Airdoctor, from further violations of the Lanham Act, the California Unfair Competition Law, and the California False Advertising Law as alleged herein;

3. Requiring Airdoctor to disseminate, at their sole and exclusive cost, corrective advertising to consumers;

4. Awarding to Lonni actual, compensatory, consequential, statutory, special, and/or punitive damages in an amount to be proven at trial and/or otherwise provided for by law;

5. Disgorgement of Airdoctor's sales and profits;

6. Compensation for all damages caused by Airdoctor;

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS

7. Awarding Lonni restitution;

8. Awarding Lonni interest, costs, and reasonable attorneys' fees incurred by Lonni in prosecuting and defending this action;

9. Declare, adjudge, and decree that Lonni' past use of the words "AIRDOCTOR" and "ULTRAHEPA" has not infringed any legal rights of Airdoctor;

10. Declare, adjudge, and decree that U.S. Trademark Registration Nos. 5177385, 7124269 and 6300545 are invalid;

11. Order that U.S. Trademark Registration Nos. 5177385, 7124269 and 6300545 be canceled, and certify that Order by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119;

12. Declare that this is an "exceptional case" that warrants an award of attorney's fees against Airdoctor;

13. Granting Lonni pre-and post-judgment interest on its damages, together with all costs and expenses;

14. Award Lonni such other and further equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Lonni hereby request a jury trial for all issues triable by jury.

Date: 12/27/2024

/s/ Tianyu Ju

Tianyu Ju, Esq.
iris.ju@glacier.law
Glacier Law LLP
**Attorney for Lonni, Inc.**

DEFENDANT LONNI, INC'S FIRST AMENDED COUNTERCLAIMS