**EPSTEIN DRANGEL LLP**
Ashly E. Sands (*pro hac vice*)
asands@ipcounselors.com
Danielle Futterman (*pro hac vice*)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232

*Attorneys for Plaintiff and*
*Non-party Ideal Living Management LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>LONNI, INC., et al.,<br><br>                    Defendant. | Case No. 2:23-cv-00353-GW-AS<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**DECLARATION OF PETER J. FARNESE IN SUPPORT OF *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: SUBPOENA TO MYRA NISHIZAKI**<br><br>Judge: Hon. George H. Wu<br>Magistrate: Hon. Alka Sagar<br><br>Fact Disc. Cutoff: September 30, 2025<br>Expert Disc. Cutoff: November 7, 2025<br>Pretrial Conf: January 29, 2026<br>Trial Date:   February 10, 2026 |

DECLARATION OF PETER J. FARNESE

## <u>DECLARATION OF PETER J. FARNESE</u>

I, Peter J. Farnese, do hereby declare and state as follows:

1. I am attorney with the law firm Epstein Drangel LLP, counsel of record for Plaintiff AirDoctor LLC ("Plaintiff" or "AirDoctor") and am licensed to practice before all courts in the State of California.

2. I make this declaration based on my own personal knowledge and, if called upon to testify, would testify competently as to the matters contained therein.

**<u>Appendix of Relevant Documents</u>**

3. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Notice of Issuance of Subpoena to Myra Nishizaki dated September 2, 2025.

4. Attached hereto as **Exhibit C** is a true and correct copy of the complaint filed in the action styled *Myra Nishizaki v. Ideal Living Management LLC*, et al., Los Angeles Superior Court Case No. 23VECV03833.

5. Attached hereto as **Exhibit D** is a true and correct copy of the complaint filed in the action styled, *Ideal Living, LLC, et al. vs David Najar*, Los Angeles Superior Court Case No. 23VECV04262.

6. Attached hereto as **Exhibit E** is a true and correct copy of relevant experts from the Deposition of Jeremy Sweet in this action.

7. Attached hereto as **Exhibit F** is a true and correct copy of relevant experts of the deposition of Myra Nishizaki in the matter *Ideal Living, LLC, et al. vs David Najar*, Los Angeles Superior Court Case No. 23VECV04262

8. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Local Rule 37-1 letter to counsel for Defendants dated September 5, 2025.

9. Attached hereto as **Exhibit H** is a true and correct copy of my email dated September 23, 2024.

10. Attached hereto as **Exhibit I** is a true and correct copy of my email dated September 24, 2024 providing notice of this application.

**Meet and Confer Efforts**

11.    On September 2, 2025, Defendants served Notice of Issuance of Subpoena to Myra Nishizaki.

12.    On September 5, 2025, my colleague Ms. Futterman sent a letter to Defendants' counsel in accordance with Local Rule 37-1 requesting to meet and confer regarding the Nishizaki subpoena.

13.    Defendants responded to Plaintiff's letter on September 15, 2025.

14.    Due to various scheduling conflicts, on September 19, 2025, we met and conferred with counsel for Defendants via Microsoft Teams regarding these issues.

15.    As part of this process, Plaintiff again offered an additional Rule 30(b)(6) witness to be deposed on Plaintiff's financial and corporate structure for the amount of time requested by Defendants' counsel (*i.e.*, 3.5 hours) in exchange for Defendants' agreement to withdraw Defendants' Subpoena.

16.    In fact, Plaintiff had already offered an additional 30(b)(6) witness on the topics of financial and corporate structure as well as profit and lost profits relevant to this action despite the fact that Defendants' were not entitled to an additional witness or additional time by e-mail dated August 22, 2025 and again by e-mail dated August 25, 2025. Counsel for Defendants refused.

17.    However, when Plaintiff's counsel sought to confirm this agreement on Monday, September 22, 2025, and again on Tuesday September 23, 2025, counsel for Defendant responded that Defendants' intended to move forward and hold Ms. Nishizaki's deposition on September 29, 2025.

18.    Given Defendants' insistence that Ms. Nishizaki's deposition move forward on September 29, 2025, Plaintiff had no choice but to proceed with this *ex parte* application.

19.    On September 24, 2025, via email and via telephone, I advised opposing counsel of our intent to file this application.  We understand that Defendants intend to oppose this application.

DECLARATION OF PETER J. FARNESE

**Relevant Factual and Procedural Background**

20.    In April 2025, the parties in the *Nishizaki* Lawsuit, the *Najar* Lawsuit and the Restraining Order Proceeding reached a settlement agreement, which included a confidentiality provision related to proprietary information stemming from Ms. Nishizaki's prior employment agreement with Ideal Living.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on September 24, 2025, at Los Angeles, California.

*/s/ Peter J. Farnese*
Peter J. Farnese

DECLARATION OF PETER J. FARNESE