# EXHIBIT D

# EXHIBIT D

Loyst P. Fletcher (SBN 175539)
**LAW OFFICES OF LOYST P. FLETCHER**
145 S. Spring Street, Unit 850
Los Angeles, CA 90012
Telephone: (424) 230-2864
Facsimile: (213) 402-7663
loyst@lpfletcherlaw.com

Attorneys for Plaintiff:
MYRA NISHIZAKI

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/01/2023 9:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Salcedo, Deputy Clerk

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MYRA NISHIZAKI, an individual. <br><br> Plaintiffs, <br><br> v. <br><br> IDEAL LIVING MANAGEMENT LLC DBA IDEAL LIVING, a California Limited Liability Company; PETER SPIEGEL, an individual; CARLTON NEWSOME, an individual, and DOES 1 through 100, inclusive, <br><br> Defendant(s). | Case No.    23VECV03833 <br><br> **[JURY TRIAL DEMANDED]** <br><br> **PLAINTIFF MYRA NISHIZAKI'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:** <br><br> 1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br> 2. **RELIGIOUS DISCRIMINATION [Violation of FEHA, Cal.Gov. Code §12940, et seq.];** <br> 3. **WHISTLEBLOWER RETALIATION [Violation of FEHA, Cal.Gov. Code §12940 et seq.];** <br> 4. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA (Cal. Gov. Code §§ 12900, et seq.);** <br> 5. **DEFAMATION;** <br> 6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** |

- 1 -
COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff MYRA NISHIZAKI alleges, on the basis of personal knowledge and/or information and belief, the following:

## I.

## PARTIES

1. Plaintiff MYRA NISHIZAKI (hereinafter "PLAINTIFF") is an individual who at all times mentioned herein, is a resident of the County of San Los Angeles, State of California.

2. PLAINTIFF is informed and believes and thereon alleges that defendant IDEAL LIVING MANAGEMENT, LLC DBA IDEAL LIVING (hereinafter "IDEAL LIVING") is a California limited liability company, is authorized to do business within the State of California and is doing business in the State of California.

3. PLAINTIFF is informed and believes that defendant PETER SPIEGEL (hereinafter "SPIEGEL") is, and at all times mentioned herein was, an individual and the CEO and founder of defendant IDEAL LIVING.

4. PLAINTIFF is informed and believes defendant CARLTON NEWSOME (hereinafter "NEWSOME") is, and at all times mentioned herein was, an individual employed as the Human Resources Director with defendant IDEAL LIVING.

5. Defendants DOES 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged herein below, in so acting was functioning as the agent, servant, partner and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his, her or their authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and DOE defendants are sometimes hereinafter referred to, collectively and/or individually as "Defendants."

LAW OFFICES OF **LOYST P. FLETCHER**
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

6. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's damages as herein alleged were proximately and legally caused by those defendants. PLAINTIFF will seek leave to amend complaint to show their true names and capacities when they have been ascertained.

7. PLAINTIFF is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants herein was the agent, servant, licensee, employee or alter ego, of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of said relationship. PLAINTIFF is further informed and believes, and thereon alleges, that at all times herein mentioned, each entity or employer, through its officers, directors and managing agents, and each individual defendant, had knowledge of the wrongful conduct of said agents, servants, licensees employees and alter egos, and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of persons such as PLAINTIFF, and after becoming aware of their wrongful conduct, authorized and ratified the wrongful conduct herein alleged.

## II.

## VENUE AND JURISDICTION

8. Venue is proper in Los Angeles County because this lawsuit seeks damages in excess of $25,000, Defendants employed PLAINTIFF in Los Angeles County, and the acts complained of herein occurred in Los Angeles County at 14724 Ventura Blvd., Ste. 200, Sherman Oaks, California 91403.

9. Further, under the California Fair Employment and Housing Act, this case can alternatively, at PLAINTIFF's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained … or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within

LAW OFFICES OF LOYST P. FLETCHER
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

- 3 -
COMPLAINT FOR DAMAGES

any of these counties, an action may be brought within the county of the defendant's residence or principal office …

(California *Government Code* § 12965(b).)

10. "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and. trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEFIA claims arising from the same facts." (*Id.* at 487.)

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

11. IDEAL LIVING is a vertically integrated multi-channel marketer of consumer products specializing in direct response television advertising (DRTV), internet and retail sales.

12. PLAINTIFF began her employment with IDEAL LIVING on or about March 4, 2019 as a Senior Brand Manager. In or about February of 2023, PLAINTIFF expressed concerns to her superiors about potential financial and illegal improprieties within the company. Specifically, financial ties between the company and its founder defendant SPIEGEL's religious organization, with which the company's most senior management personnel held leadership roles.

13. The connections raised PLAINTIFF's suspicions that the company was illegally avoiding income tax liability. Upon further investigation, PLAINTIFF discovered a record of allegations that defendant SPIEGEL's religious organization was involved in the sexual abuse of minors, and complicity or knowledge of such criminal activities

- 4 -
COMPLAINT FOR DAMAGES

within the organization.

14. Additionally, PLAINTIFF witnessed the company hire several individuals from within the religious organization who were not qualified for their positions. During the course of her employment, PLAINTIFF was placed under the supervision of one such unqualified individual for an extended period.  That individual's performance deficiencies substantially impacted PLAINTIFF's ability to effectively perform her own duties and responsibilities.

15. PLAINTIFF also discovered the company's employees that were from within the religious organization were treated more favorably than employees that were not, including but not limited to, free housing and substantially higher salaries for the purpose of facilitating donations to the religious organization.

16. On February 7, 2023, PLAINTIFF reported her concerns during an in-person meeting with IDEAL LIVING CEO defendant SPIEGEL. Defendant SPIEGEL responded by proposing a severance package to PLAINTIFFF, thus expressing his intent to terminate her employment effective immediately.

17. The following day, February 8, 2023, PLAINTIFF submitted a formal written complaint listing all of her expressed concerns to the company's Human Resources Manager, defendant NEWSOME.

18. One day later, on February 9, 2023, PLAINTIFF was terminated in retaliation for complaining about potential criminal activities, allegations of child abuse, and financial improprieties.

19. To add insult to injury, that same day defendant NEWSOME later disseminated a defamatory email to all company personnel falsely accusing PLAINTIFF of "making false and unfounded statements" about the company.

20. PLAINTIFF properly brings forth this civil action to remedy the injuries she has suffered. PLAINTIFF filed a charge with the California Department of Fair Housing and Employment ("DFEH"), and was issued a DFEH right-to-sue letter on _____,

LAW OFFICES OF LOYST P. FLETCHER
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

- 5 -
COMPLAINT FOR DAMAGES

2023 (a true and correct copy is attached hereto as **Exhibit A** and incorporated by reference herein as though set forth in full). Accordingly, PLAINTIFF has timely complied with all prerequisites to suit.

**IV**.

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)**

**(Against Defendant IDEAL LIVING and Does 1-100, Inclusive)**

21. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

22. Defendants' termination of PLAINTIFF, as alleged above, was in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code section 12940, et seq.

23. Defendants' termination of PLAINTIFF, as alleged above, was in violation of the California *Labor Code* section 98.6.

24. Defendants' actions, as alleged above, constitute a violation of the public policy of this State, in that the wrongful termination of PLAINTIFF contravenes specific statutory provisions, which prohibit terminating an employee in retaliation for exercising his right to defend life and liberty, or pursue safety, happiness and privacy pursuant to Constitution of the State of California, Article 1, section 1.

25. Defendants' practices involve a substantial public policy in that it impacts on the interest of protecting the public.

26. PLAINTIFF protesting what she reasonably believed to be the unlawful conduct alleged herein was in an effort to foster a public policy in favor of protecting the public.

27. As a proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received if she had not been

LAW OFFICES OF **LOYST P. FLETCHER**
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

wrongfully terminated by Defendant.

28. As a further proximate result of Defendants' wrongful actions against PLAINTIFF as alleged above, she has been harmed in that she has suffered intangible loss of employment-related opportunities.

29. As a further proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that she has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

30. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees. PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

31. The wrongful conduct of Defendants set forth herein above was perpetrated upon PLAINTIFF intentionally, willfully, fraudulently, in conscious disregard of PLAINTIFF's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable, and deplorable.

32. The conduct of Defendants, and each of them, and/or their agents' employees, and supervisors as described herein was malicious, oppressive and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.

33. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful

conduct, each defendant by and through its agents, and each individual defendant, authorized and ratified the wrongful conduct herein alleged.

## V.

## SECOND CAUSE OF ACTION

## RELIGIOUS DISCRIMINATION -- VIOLATION OF FEHA

## (Cal. Gov. Code Section 12940, et seq.)

## (Against Defendant IDEAL LIVING and Does 1-100, Inclusive)

34. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

35. Defendants' actions, as alleged above violate the California Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940, et seq.

36. PLAINTIFF faced discrimination within the company due to her non-practice of the religion deeply entwined with the company's management. Employees were afforded preferential treatment and opportunities solely based on their affiliation with a religious organization. Despite PLAINTIFF's qualifications and exceptional work performance, she was treated less favorably and denied equal pay and promotional opportunities offered to under-qualified individuals affiliated with a religious organization.

37. When PLAINTIFF voiced complaints about the discriminatory treatment and what she reasonably believed were financial improprieties associated with the religious organization, she was summarily terminated.

38. As a proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received if she had not been wrongfully terminated by Defendants.

39. As a further proximate result of Defendants' wrongful actions against PLAINTIFF as alleged above, PLAINTIFF has been harmed in that she has suffered intangible loss of employment-related opportunities.

40. As a further proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, she has been harmed in that she has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

41. The wrongful conduct of Defendants set forth herein above was perpetrated upon PLAINTIFF intentionally, willfully, fraudulently, in conscious disregard of PLAINTIFF's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.

42. PLAINTIFF is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, Defendants, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of PLAINTIFF, and after becoming aware of their wrongful conduct, each corporate defendant by and through its officers, directors and managing agents, and each individual defendant, including Defendants authorized and ratified the wrongful conduct herein alleged. Therefore, PLAINTIFF seeks exemplary and punitive damages against Defendants in an amount according to proof.

**VI**.

**THIRD CAUSE OF ACTION**

**WHISTLEBLOWER RETALIATION**

**(Against Defendant IDEAL LIVING and Does 1-100, Inclusive)**

43. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

44. At all times material to this Complaint, California Labor Code section 98.6 was in effect and binding on Defendants. This section requires Defendants to refrain from discharging an employee or in any manner discriminating, retaliating, or taking any adverse action

- 9 -
COMPLAINT FOR DAMAGES

against an employee because the employee engaged in any conduct delineated in this chapter or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

45. PLAINTIFF had a reasonable belief that Defendants were violating state and federal workplace laws and reported those violations to Defendants' management as alleged hereinabove.

46. At all relevant times herein, PLAINTIFF was exercising her rights afforded her under the *Labor Code* to complain about potential violations of state and federal workplace laws and reported those violations to Defendants ' management as alleged herein above.

47. Defendants retaliated against PLAINTIFF for exercising her statutory right to engage in protected, whistleblower activity, by harassing, threatening, and terminating her, among other things, all in violation of *Labor Code* section 98.6.

48. PLAINTIFF is informed and believes and thereon alleges that Defendants' decision to terminate PLAINTIFF was intentional and deliberately retaliatory and was done out of animus for PLAINTIFF and for the purpose of injuring PLAINTIFF because she exercised her right to engage in protected and whistle-blowing activity. PLAINTIFF is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. PLAINTIFF is entitled to reasonable attorney's fees pursuant to *Code of Civil Procedure* section 1021.5.

49. The conduct of Defendants and Does 1 through 100 and/or their agents' employees, and supervisors as described herein was malicious, oppressive and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.

50. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct

to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each defendant by and through its agents, and each individual defendant, authorized and ratified the wrongful conduct herein alleged.

51. As a direct and proximate result of the aforesaid acts of the Defendants, PLAINTIFF suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such amount as damages together with prejudgment interest pursuant to *Civil Code* section 3287 and any other provision of law providing for prejudgment interest.

52. As a direct and proximate result of said wrongful acts by the Defendants, PLAINTIFF suffered and will continue to suffer mental suffering, emotional distress, shock, grief, depression, anxiety, nervousness, worry, stress, inconvenience, mortification, indignity, fear, fright, terror and ordeal, all to PLAINTIFF's damages in an amount to be proven at time of trial.

53. In addition, Defendants acted with oppressive, fraudulent, or malicious intent, and exhibited a deliberate disregard for PLAINTIFF's rights in wrongfully terminating her. Based on Defendants ' willful, malicious, despicable, and oppressive acts of wrongfully terminating her, PLAINTIFF seeks an award of other special damages recoverable pursuant to the public policies underlying California Labor Code section 98.6, and other anti-retaliation statutes, including punitive damages in an amount according to proof at trial pursuant to California *Civil Code* section 3294, so as to punish Defendants and deter them from similar conduct in the future.

LAW OFFICES OF **LOYST P. FLETCHER**
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

## VII.

## FOURTH CAUSE OF ACTION

**Failure to Prevent Harassment, Discrimination and Retaliation in Violation of FEHA**

(*Cal. Gov. Code* §§ 12900 et seq.)

**(Against Defendant IDEAL LIVING and Does 1-100, Inclusive)**

54. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

55. California *Government Code* Section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Defendants, and each of them, violated this provision including, but not limited to, by ignoring retaliation based on religion; allowing said discrimination and/or retaliation to continue; failing to discipline and stop said discrimination and/or retaliation; failing to enforce anti-discrimination policies and/or procedures; and/or failing to appropriately investigate PLAINTIFF's and/or others' complaints of discrimination and/or retaliation. Defendants also failed to comply with California State Law AB1825, which requires Defendants to provide harassment training for supervisors.

56. As a direct and proximate result of the unlawful conduct of Defendants, PLAINTIFF has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

57. As a direct and proximate result of the unlawful conduct of Defendants, PLAINTIFF has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

58. Defendants committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for PLAINTIFF's rights, as set forth above in detail, Defendants committed and/or ratified the acts alleged herein. These acts were committed with the

LAW OFFICES OF LOYST P. FLETCHER
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants, as set forth above in detail. PLAINTIFF is, therefore, entitled to recover punitive damages from Defendants in an amount according to proof at trial.

59. Defendants' conduct described herein was undertaken, authorized and/or ratified by Defendants' officers, directors and/or managing agents. The aforementioned conduct of said officers, directors and/or managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by Defendants officers, directors and/or managing agents and other individuals whose precise identities are unknown to PLAINTIFF at this time and are therefore identified and designated herein as DOES 1 through 100, inclusive.

60. As a result of the conduct of Defendants, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

**VIII**.

**FIFTH CAUSE OF ACTION**

**DEFAMATION**

**(Against All Defendants and Does 1-100, Inclusive)**

61. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

62. On or about on February 9, 2023, Defendant NEWSOME, acting as the Human Resources manager for defendant IDEAL LIVING, and at the direction of IDEAL LIVING CEO SPIEGEL, disseminated an email to all company personnel falsely accusing PLAINTIFF of "making false and unfounded statements" about the company.

63. PLAINTIFF at all times enjoyed a good reputation both generally and in her occupation. PLAINTIFF is informed and believes and thereon alleges that Defendants

LAW OFFICES OF **LOYST P. FLETCHER**
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

and each of them published false and unprivileged statements regarding PLAINTIFF's integrity after her unlawful termination.

64. Defendants through their officers, agents, and/or employees, who were acting within the course and scope of her employment, made the false and unprivileged defamatory statements against PLAINTIFF with an intent to injure PLAINTIFF in her personal and professional reputation, including but not limited to false allegations that PLAINTIFF made false allegations about the company.

65. PLAINTIFF is informed and believes and upon such information and belief alleges that defendants knew that her allegations against PLAINTIFF were false. The only purpose of which was to legitimize her wrongful intent to defame PLAINTIFF's good reputation and name in retaliation for PLAINTIFF's complaints to human resources that defendants created a hostile environment.

66. The above-described statements made by Defendants and each of them were made to PLAINTIFF's fellow employees, including but not limited to Human Resources, employees, and to other third parties, persons who neither inquired, nor had any need to know of PLAINTIFF's complaints, and were made with actual malice, i.e. in conscious disregard of the rights and interest of PLAINTIFF. Further, the statements were made with malice because Defendants neither believed them to be true nor had any reasonable basis for so believing.

67. Defendants intended to injure PLAINTIFF in making these false statements as alleged. The acts of the Defendants S as stated in the preceding paragraphs were done with express and implied malice on the part of all Defendants and each of them with design and intent to injure PLAINTIFF in her good name and reputation and employment.

68. The words stated by Defendants were libel per se because they defamed her in her professional reputation, therefore, PLAINTIFF need not prove damages. Notwithstanding, the above-described defamatory statements were the direct and legal cause of the following damages, in an amount according to proof, including:

i.  Substantial economic losses, including lost earnings, bonuses and other employment benefits, in an amount to be determined according to proof at time of trial;

ii.  Impairment and damage to PLAINTIFF's personal and employment reputation in an amount to be determined according to proof at time of trial; and

iii.  General damages, consisting of pain and suffering, mental upset, distress, aggravation, humiliation, and embarrassment, in an amount to be determined according to proof a time of trial.

69. Defendants acted maliciously, fraudulently and oppressively and with conscious disregard for PLAINTIFF'S rights. PLAINTIFF is thus entitled to recover punitive damages from Defendants in an amount sufficient to punish and make an example of Defendants, to be determined at the time of trial.

**IX**.

**SIXTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants and Does 1-100, Inclusive)**

70. PLAINTIFF hereby incorporates by reference all paragraphs above as if fully set forth herein.

71. Defendants breached their duty to maintain a working environment free of illegal business practices by engaging in the conduct described herein above, including but not limited to the conduct specifically described herein above. This conduct was extreme, outrageous and beyond all possible bounds of human decency, which conduct is regarded as atrocious and utterly intolerable in an employment environment or a civilized community for that matter.

72. Defendants' conduct was done with reckless disregard of the probability of causing PLAINTIFF emotional distress or with the intent of causing PLAINTIFF to suffer emotional distress.

73. PLAINTIFF did in fact suffer severe emotional distress. PLAINTIFF's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

74. Moreover, Defendants' conduct was oppressive, fraudulent, malicious, despicable, and was carried on by Defendants with willful disregard of the rights or safety of PLAINTIFF. Defendants therefore subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights.

75. As a proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received if she had not been wrongfully terminated by Defendants.

76. As a further proximate result of Defendants' wrongful actions against PLAINTIFF as alleged above, she has been harmed in that she has suffered intangible loss of employment-related opportunities.

77. As a further proximate result of Defendants' wrongful actions against PLAINTIFF, as alleged above, she has been harmed in that she has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

78. The wrongful conduct of Defendants set forth herein above was perpetrated upon PLAINTIFF intentionally, willfully, fraudulently, in conscious disregard of PLAINTIFF's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable, and deplorable.

79. PLAINTIFF is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, Defendants, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights

COMPLAINT FOR DAMAGES

LAW OFFICES OF LOYST P. FLETCHER
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

and safety of PLAINTIFF, and after becoming aware of their wrongful conduct, each corporate defendant by and through its officers, directors and managing agents, and each individual defendant, authorized and ratified the wrongful conduct herein alleged. Therefore, PLAINTIFF seeks exemplary and punitive damages against Defendants in an amount according to proof.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays judgment against Defendants and each of them as follows:

1. For a money judgment representing compensatory damages, including lost wages, future lost wages, earnings, other employee benefits, and all other sums of money, together with interest on these amounts, according to proof at trial;

2. For a money judgment for mental pain and anguish and emotional distress, according to proof at trial;

3. For an award of punitive damages, according to proof at trial;

4. For all other general damages according to proof at trial;

5. For special damages according to proof at trial;

6. For costs of suit herein incurred;

7. For Compensatory Damages in the amount according to proof at trial;

8. For Attorney's fees, costs and expenses pursuant to California *Government Code* Section 12965(b);

9. For prejudgment interest; and

10. For such other and further relief as the court may deem proper.

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury for herself on all claims so triable.


Dated: September 1, 2023                    LAW OFFICES OF LOYST P. FLETCHER


By:   _____
      Loyst P. Fletcher
      Attorney(s) for Plaintiff
      MYRA NISHIZAKI

LAW OFFICES OF LOYST P. FLETCHER
145 S. SPRING ST., UNIT 850, LOS ANGELES, CA 90012

COMPLAINT FOR DAMAGES