# EXHIBIT G

# EXHIBIT G



**EPSTEIN DRANGEL LLP**

60 East 42nd Street, Suite 1250, New York, NY 10165
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

September 5, 2025

**VIA EMAIL**
Dandan Pan
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

> Re:    *AirDoctor, LLC v. Lonni, Inc., et al.*
> Case No. 2:23-cv-353
> **Rule 37-1 Meet and Confer**

Counsel,

As you know this office represents plaintiff AirDoctor LLC in this matter. In addition, please be advised that we represent non-party Ideal Living LLC ("Ideal Living"). We write to meet and confer regarding the subpoena your office issued to Myra Nishizaki.

Please be advised that Plaintiff and Ideal Living object to the subpoena and the requested topics of testimony. Unless we can reach agreement on the withdrawal of the subpoena, we intend to file a motion for protective order, or in the alternative to quash, the subpoena.

1. **Legal and Factual Bases Supporting Withdrawal of the Subpoena**

Pursuant to Local Rule 37-1, the following are the relevant legal and factual bases supporting our position as to the subpoenaed testimony.

First, Ms. Nishizaki is a former employee of Ideal Living who filed a lawsuit against the company. The "Topics for Examination" described in your subpoena (i.e. the financial and corporate relationship between Ideal Living and its affiliated companies) are wholly vague and overbroad and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The true purpose of the subpoena is to harass and needlessly increase the costs of the litigation for Plaintiff and Ideal Living. Tellingly, the subpoena seeks testimony regarding scurrilous allegations about purported religious organizations, which are unrelated to Plaintiff, that Ms. Nishizaki pleaded in her lawsuit – and which, on their face, bear no relevance to the claims or defenses in this action. In short, the subpoena is a classic fishing expedition intended solely to annoy, harass, and unnecessarily burden Plaintiff and Ideal Living.

Second, your clients' improper motives are crystal clear given that there is no need to seek corporate structure and related financial testimony from a third-party because your clients already sought (and obtained) this testimony in the Fed. R. Civ. P. 30(b)(6) deposition of Plaintiff. In fact, just this week, you deposed Jeremy Sweet of Ideal Living, Plaintiff's designee as the person "most knowledgeable", on

September 5, 2025
Page 2

the very same subjects purportedly sought in the subpoena regarding the corporate and financial structure of Plaintiff and Ideal Living.

Third-party subpoenas under Fed. R. Civ. P. 45 are subject to the limitations of Fed. R. Civ. P. 26. Fed. R. Civ. P. 26(b)(2)(C)(i) requires the court to limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Courts routinely disallow discovery from third parties where the same discovery is easily obtained from a party. *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC-RMI, 2019 U.S. Dist. LEXIS 149896, at *5 (N.D. Cal. Sept. 3, 2019); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). In short, given that Defendants already deposed Mr. Sweet on these topics, Defendants cannot make the threshold showing for this testimony required under Rule 26. The testimony would be, at best, duplicative of discovery you have already obtained from Plaintiff.

Last, given that your clients have already questioned Mr. Sweet on these issues, the subpoena (and the broad nature of the second "Topics for Examination" which includes allegations in a wholly unrelated employment lawsuit) is a transparent "sidestep" to obtain privileged information from Plaintiff and/or Ideal Living through Ms. Nishizaki. Of course, your clients cannot use the subpoena to Ms. Nishizaki as an end-run to obtain Plaintiff's privileged or wholly irrelevant information. *See Cones v. Parexel Int'l Corp.*, No. 16-cv-3084 L (BGS), 2018 U.S. Dist. LEXIS 103458, *4-*5 (S.D. Cal. June 20, 2018) (collecting cases). A motion for protective order under Rule 26(c) is proper where a party "believes its own interests are jeopardized by . . . subpoenas issued to non-parties which seek irrelevant information." *In re REMEC, Inc. Sec. Litig.*, No. 04-cv-1948 (JLS)(AJB), 2008 U.S. Dist. LEXIS 47412, *4 (S.D. Cal. May 30, 2008); *Transamerica Life Ins. Co. v. Axsys Grp.*, SACV 13-1658-AG (RNBx), 2015 U.S. Dist. LEXIS 187337, *3 (C.D. Cal. May 14, 2015) (following *REMEC*).

## 2. <u>LR-37-1 Meet and Confer Request</u>

Please advise of your availability within the next ten days to meet and confer on these issues.

**EPSTEIN DRANGEL LLP**

BY:  /s/ Danielle S. Futterman
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391