# Exhibit A

Case 2:23-cv-00353-GW-AS   Document 186-2   Filed 09/25/25   Page 1 of 5   Page ID #:3204

# GLACIER LAW LLP

JIE LI*

251 S LAKE AVE.,
SUITE 910,
PASADENA, CA, 91101
EMAIL: JIE.LI@GLACIER.LAW
WEB: WWW.GLACIER.LAW

TELEPHONE (626) 750 0040
FACSIMILE (312) 801-4587

*Admitted in California

---

**September 15, 2025**

**<u>Via Electronic Mail</u>**

Danielle S. Futterman
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165

**Re:** *AirDoctor, LLC v. Lonni, Inc., et al.*, Case No. 2:23-cv-353
Response to Plaintiff's September 5, 2025 Letter

Dear Danielle:

This letter constitutes the response  of  Defendants Lonni, Inc. ("Lonni"), Shenzhen Dazhan Pengtu Internet Co., Ltd. ("Dazhan"), Shenzhen Mingdao Youshu E-Commerce Co., Ltd. ("Mingdao"), and DongGuanShiLianRuiZhongXinWangLuoKeJiYouXianGongSi ("Lianrui") (collectively, "Defendants") to your correspondence dated September 5, 2025, titled "Rule 37-1 Meet and Confer" (the "9/5  Letter"). Your 9/5 Letter asserts an objection to the service of a subpoena upon Myra Nishizaki (the "Subject Subpoena").

The Subject Subpoena does not seek the production of any documents, and instead seeks testimony on the following topics articulated in Attachment A thereto:

**TOPICS FOR EXAMINATION**

1.    You shall testify regarding your personal knowledge of the financial and corporate relationship between Ideal Living and its affiliates as concerns the production and sale of replacement air filters for AirDoctor air purifiers during the relevant period of 2021 through the end of your employment.

2.    You shall testify regarding the allegations made in Your Complaint in paragraph 12 and 13 thereof as concerns the financial interrelationship between Ideal Living and its affiliates insofar as same is relevant to the claims and defenses raised in this action.

*First*, Plaintiff lacks standing to move to quash the Subject Subpoena, and the arguments made in the 9/5 Letter are baseless. Under Federal Rule of Civil Procedure 45(c)(3)(A), only the party subject to the subpoena may bring a motion to quash. FRCP 45(c)(3)(A)(iv)); *see also California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (recognizing the general rule  that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to documents being sought.) (internal citations omitted.); *Nicholson v. City of Los Angeles*, 2017 WL 10575213, at *2 (C.D. Cal. Jan. 4, 2017) ("Plaintiffs present an argument relating only to timeliness, not any privilege, and therefore do not have standing.") (citing *In Re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, at *3 (S.D.N.Y 2016) (stating that a movant "lack[ed] standing to object to [a third party's] compliance simply because, in his view, [the requesting party] could also have obtained the records elsewhere or in a more timely fashion")).

Second, Plaintiff lacks standing to object to the Subject Subpoena on the ground that it seeks information that is  allegedly irrelevant, overbroad, duplicative, or unduly burdensome. *See Eclat Pharms., LLC v. West-Ward Pharm. Corp.*, 2014 WL 12607663, at *1 (C.D. Cal. March 26, 2014) (denying motion to quash subpoenas on the grounds that they are overbroad, not properly limited in time, and seek irrelevant and duplicative information because defendants do not have standing to move to quash the subpoenas served on the third parties on the proffered bases).

*Third,* Plaintiff's remaining contentions fare no better. It has failed to identify with specificity any privileged materials warranting protection, much less that would justify a protective order. Moreover, the deposition of Mr. Sweet underscores the

propriety of the subpoenas: Mr. Sweet was unable to answer basic questions regarding corporate structure and related financial matters. Defense counsel established during this deposition that Mr. Sweet had given statements on behalf of AirDoctor that were false, and that he lacked any actual knowledge for many of the sworn discovery responses he had given. Indeed, Mr. Sweet repudiated the prior, sworn response to Request for Admissions wherein Plaintiff claimed that it actually had employees, rendering curious the implied assumption in your letter that the recipient of the Subject Subpoena is somehow a former employee of Plaintiff.

Finally, the Subject Subpoena is narrowly tailored to two discrete topics of clear and substantial relevance to this action. Instead of looking at the Attachment A, your letter implies an intent for us to explore some "true purpose" that you erroneously discern of your own accord, to explore "testimony regarding scurrilous allegations about purported religious organizations…" How you have reached this conclusion is anyone's guess. Instead, the "true purpose" of this subpoena could not be more obvious. Plaintiff in this case has spent the better part of two years insisting, despite overwhelming evidence to the contrary, that it is the real party in interest and suffered alleged financial harm from alleged actions taken by defendants. This position has been steadfastly maintained to Plaintiff's detriment, as exposed during the deposition of its corporate designees, who each admitted that they have no clue of the true corporate nature of Plaintiff or its basis for claiming damages in this case. More recently, your firm has insisted that Defendants agree to a last minute amendment of the complaint to bring in new entities as "plaintiffs," and insists in this regard even though, to this day, Plaintiff is unable to provide any explanation for why this should be agreed to, or what relationship Plaintiff has with any of these two newly suggested "plaintiffs."

The recipient of the Subject Subpoena worked for Ideal Living for years and is believed to have knowledge of the interrelationship between Plaintiff and Ideal Living, and to possess direct knowledge of the manner in which those companies have operated, as such is directly relevant to the claims of damages made in this case by Plaintiff.

Lastly, I would be remiss if I we did not address the shifting in theories that has elapsed since we had a call in which you raised an intention to bring a motion. In that call, you stated that this witness was prohibited from testifying on the subject matter because of an alleged settlement agreement of the claims of her underlying litigation. I note that that explanation has been omitted from your letter. Instead, we are told that the Subject Subpoena would seek "privileged" information from this witness. I trust that you have done the research since our last call and understand

that California law will not allow Plaintiff (or Ideal Living) to prohibit a former employee to testify about such matters by dint of a confidentiality agreement placed in a settlement agreement.

We trust this letter fully responds to the matters raised in your 9/5 Letter. Please let us know if you wish to confer further.

Date: September 15, 2025

Respectfully,
/s/ Jie Li
Jie Li, Esq. (SBN 354432)
Tianyu Ju (SBN 323817)
Glacier Law LLP
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
Telephone: 323-990-0780
Email: iris.ju@glacier.law

Dandan Pan (PHV admitted)
Glacier Law LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
Telephone: (212) 729-5033
Email: dandan.pan@glacier.law

Kevin J. O'Connor (PHV admitted)
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Email: koconnor@pecklaw.com