UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-00353-GW (ASx) | Date | September 26, 2025 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Lonni, Inc., et. al.,* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):**     **Order DENYING Plaintiff's *Ex Parte* Application for Protective Order re Deposition Subpoena to Third Party. (Dkt. No. 183)**

On September 24, 2025, Plaintiff filed an *Ex Parte* Application for Protective Order re Defendants' deposition subpoena to third-party Myra Nishizaki. ("Application") (Dkt. No. 183). The application was accompanied by the Declarations of Carlton Newsom, Senior Manager, H.R. for Ideal Living Management, LLC., and Peter Farnese, counsel for Plaintiff and Ideal Living Management, with attached exhibits. Id.    On September 25, 2025, Defendants filed their opposition to the Application, along with the declaration of Kevin O'Connor, Defendants' counsel, and exhibits. ("Opposition"). (Dkt. No. 186). The Court, having reviewed the parties' submissions, attached declarations and exhibits, DENIES the requested relief.

In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Local Rule 37-3.

Here, Plaintiff has failed to demonstrate a threat of "irreparable prejudice" sufficient to merit *ex parte* relief at this time. Plaintiff's contention regarding the impending discovery cut-off date is not a sufficient basis for the *ex parte* relief it seeks, particularly since Plaintiff waited almost three weeks after the subpoena was issued to file its *ex parte* application. The Court agrees with Defendant that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-00353-GW (ASx) | Date | September 26, 2025 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Lonni, Inc., et. al.,* | | |

lacks standing to bring a motion to quash the subpoena (*see* Fed.R.Civ.P. 45(c)3)(A)), and to the extent Plaintiff contends that the anticipated testimony seeks privileged and/or confidential information, Plaintiff has failed to make any credible showing that the information sought from the witness is privileged and/or why the protective order issued in this case, (Dkt. No. 168), cannot safeguard the dissemination of information that is confidential.

**IT IS SO ORDERED.**

cc:    George Wu
       United States District Judge

                                                                    :   00
                                        Initials of Preparer    _____