UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-00353-GW (ASx) | Date | June 18, 2026 |
|---|---|---|---|
| Title | AirDoctor, LLC v. Lonni, Inc., et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | Not reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Ashly E. Sands, Jason M. Drangel, | Kevin O'Connor |
| Danielle S. Futterman.[1] | Dandan Pan[2] |

**Proceedings (In Chambers):**     **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (Dkt. Nos. 276-277); and (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY (Dkt. Nos. 294-295)**

On April 20, 2026, the parties filed a Joint Stipulation regarding the motion by Defendants and Counterclaim Plaintiffs Lonni, Inc., DonGuanShiLianRuiZhongXinWangLuoKeJiYouXianGungSi, Shenzhen Dazhan Pengtu Internet Co., Ltd., (collectively "Defendants") to compel discovery responses from, and for monetary and evidentiary sanctions against Plaintiffs and Counter Defendants Air Doctor LLC, Ideal Living LLC, Response Products, LLC (dba Ideal Living Direct) and Ideal Living Management LLC (collectively "Plaintiffs"). (Dkt. No. 277; "Defendants' Motion"). Defendants' motion was accompanied by the declarations of Defendants' counsel, Dandan Pan, with exhibits 1-27, and Plaintiff's counsel, Ashley Sands, with exhibits A-I. [3] On April 28, 2026, the parties filed

---

[1] Ms. Futterman appeared by video teleconference.

[2] Ms. Pan appeared by video teleconference

[3] On April 23, 2026, the Court granted Defendants' application to file Exhibits 18, 25 and I under seal. (Dkt. No. 281). The sealed exhibits are filed at Dkt. No. 279.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-00353-GW (ASx) | Date | June 18, 2026 |
|---|---|---|---|
| Title | AirDoctor, LLC v. Lonni, Inc., et al. | | |

supplemental memoranda in support of their positions regarding Defendants' motion. (Dkt. Nos. 282, 283).

On May 14, 2026, the parties filed a Joint Stipulation regarding Plaintiff's motion to compel discovery from Defendants. (Dkt. No. 295; ("Plaintiff's Motion")). The Motion was accompanied by the declarations of Danielle Futterman with exhibits 1-32, and DanDan Pan with exhibits A-R. (Id.).[4]  On May 28, 2026, the parties filed supplemental memoranda in support of their positions regarding Plaintiff's motion. (Dkt. Nos. 305, 307).

A hearing was held on June 11, 2026.  The Court, having reviewed the parties' submissions, the arguments presented at the hearing, and for the reasons stated at the hearing, issued the following Order:

Defendants' Motion

Defendants seek discovery regarding Plaintiff's AD3500 replacement filter and related materials, affiliate-related discovery, and transaction level sales data and the underlying source documents from which that data was compiled. The Court agrees with Plaintiffs that discovery regarding the AD3500 replacement filter is not relevant or proportional to the claims in this case because Defendants did not sell AD3500 replacement filters and Plaintiff is seeking, as an element of damages, Defendants' profits on sales of AD3000  compatible filters.  The Court rejects Defendants' claim that they are entitled to this discovery because Plaintiff advertises the AD3500 filter as compatible with the AD 3000 purifier which impacted Defendants' sales of AD3000 replacement filters (because such sales were diverted to the Plaintiff's AD3500 replacement filter) and their intent to sell AD3500 compatible filters. Defendants claim they were unable to sell AD3500 compatible filters because Plaintiff improperly caused Amazon to delist Defendants' products, but the Court finds Defendants' argument regarding loss of potential sales of the AD3500 replacement filter speculative.  Defendants' motion to compel discovery regarding the AD3500 filter is DENIED.  However, Plaintiff may not withhold responsive documents that reference or include data regarding the AD3500 filter if such information is maintained with, or a part of, data regarding other products that are relevant to the claims in this case, (i.e., AD3000 filters), or financial

---

[4] On May 18, 2026, the Court granted Plaintiff's motion to file exhibits 31, 32 and M under seal. (Dkt. No. 300). The sealed exhibits are filed at Dkt. No. 297..

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-00353-GW (ASx) | Date | June 18, 2026 |
|---|---|---|---|
| Title | AirDoctor, LLC v. Lonni, Inc., et al. | | |

records that reflect sales and profits from the AD3500 filter that is intertwined with sales of other products relevant to this case.  Plaintiff confirmed that, although it had provided summary spreadsheets reflecting sales for the AD 3000 and AD3500 filters, Plaintiff was only seeking, as damages, Defendants' profits from the sales of AD3000 compatible filters.

Defendants' request for discovery regarding Plaintiff's affiliates is GRANTED IN PART. Plaintiff must produce records regarding the five (5) Ideal Living entities (Ideal Living Management, Ideal Living Intermediate I and II, Ideal Living Holdings, and Ideal Living LLC).  Plaintiff must submit a declaration confirming their search for all responsive documents in their possession, custody and control across all shared databases.

Defendants' request for discovery  regarding transaction level sales data and the underlying source documents is GRANTED.  If Plaintiff is unable to produce transaction level sales data and the underlying source documents from which they prepared the financial summaries that were produced, Plaintiff must submit a *detailed declaration(s)* setting forth the manner in which the summaries were prepared, identifying all underlying source documents and databases, and the steps taken to locate transaction level sales data and underlying source documents and verify the accuracy of the summaries produced.  After producing this information or declarations, Plaintiff will make their CFO (or other representative with knowledge of the summaries) available to meet with Defendants' representative or expert to review the summaries and a sampling of the underlying source documents to ensure the reliability of the summaries.

Plaintiff's Motion

Plaintiff seeks discovery from Defendants regarding Amazon sales data, transaction-level financial data, and communications with Amazon and customers regarding advertising materials, listing histories and back end seller central. Defendants aver that they have conducted multiple, good faith searches for responsive materials and have produced all responsive records in their possession, custody and control and are not withholding any records. Defendants maintain that they do not have access to data that is in the control of Amazon and dispute the assertions made by Amazon's outside counsel regarding their ability to access and retrieve back end financial data from Amazon.  Plaintiff's motion is GRANTED IN PART.  Defendants are ordered to produce a detailed declaration(s) setting forth the manner in which they searched for responsive documents, including the ability to access records of sales

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-00353-GW (ASx) | Date | June 18, 2026 |
|-----|----------------------|------|---------------|
| Title | AirDoctor, LLC v. Lonni, Inc., et al. | | |

on Amazon (Amazon's back end), the inability to access such records after they were de-listed, and confirmation that all responsive records in their possession, custody and control have been produced.

The parties agreed to produce documents in compliance with this Order within ten (10) days.

Given the short time frame within which the parties must complete fact discovery, the parties must use the Court's informal discovery procedure to raise any additional discovery disputes. *See* Judge Sagar's Procedures.

IT IS SO ORDERED.

cc: George H. Wu
    United States District Judge

                                             0        :   00
                        Initials of Preparer   AF